2014 UT App 52

The TOWNHOMES AT POINTE MEAD-
OWS OWNERS ASSOCIATION,
Plaintiff and Appellant,

v.

POINTE MEADOWS TOWNHOMES,
LLC; American Housing Partners, Inc.;
AHP–LEHI, LLC; Armando J. Alvarez;
Sergio S. Alvarez; and Paula B. Alvarez,
Defendants, Third-party Plaintiffs, and
Appellees,

v.

Concrete Concrete, Inc.; Hadco Construc-
tion, LLC; Dynasty Group Realty, LLC;
Dexcor, LLC; Shaun Hardy; Acadian
Builders, Inc.; Worthington Construc-
tion, Inc.; Russell J. Clark; Mountain
Lands Development, Inc.; Ralph Broder-
ick Plumbing, LLC; Unlimited Siding
and Raingutters, Inc.; Roof Design,
LLC; Van Tassell Roofing, Inc.; Hearth
and Home Distributors of Utah, LLC;
Unique Plastering and Custom Exteri-
ors, Inc.; and Advantage Management &
Real Estate Services, LLC, Third-party
Defendants and Appellees.

No. 20120813–CA.

Court of Appeals of Utah.

March 6, 2014.

A. Richard Vial, Michael B. Miller, Sandy, and Tyler S. Lamarr, for Appellant.

Dennis K. Poole, Salt Lake City, for Appellees.

Pointe Meadows Townhomes, LLC; American Housing Partners, Inc.; AHP–Lehi, LLC; Armando J. Alvarez; Sergio S. Alvarez; and Paula B. Alvarez, Brian J. Babcock and D. Scott DeGraffenried, Salt Lake City, for Appellee Concrete Concrete, Inc.

Lincoln Harris, Mark L. McCarty, and Zachary E. Peterson, Salt Lake City, for Appellee Hadco Construction, LLC.

Ryan P. Atkinson, Roger H. Bullock, and Byron G. Martin, Salt Lake City, Attorneys for Appellees Dynasty Group Realty, LLC and Dexcor, LLC.

Joseph E. Minnock, Allison S. Fletcher, and Stephen F. Edwards, Salt Lake City, Attorneys for Appellees Shaun Hardy; Russell J. Clark; Mountain Lands Development, Inc.; and Ralph Broderick Plumbing, LLC.

Shirl Don LeBaron, American Fork, Attorney for Appellee Acadian Builders, Inc.

John N. Braithwaite, Salt Lake City, Attorney for Appellee Worthington Construction, Inc.

John R. Lund and Nathan R. Skeen, Salt Lake City, Attorneys for Appellees Unlimited Siding and Raingutters, Inc. and Hearth and Home Distributors of Utah, LLC.

Matthew L. Anderson, Salt Lake City, Attorney for Appellee Roof Design, LLC.

Conrad H. Johansen, Salt Lake City, Attorney for Appellee Van Tassell Roofing, Inc.

Heinz J. Mahler, Salt Lake City, Attorney for Appellee Unique Plastering and Custom Exteriors, Inc.

Andrew M. Morse and Tsutomu L. Johnson, Salt Lake City, Attorneys for Appellee Advantage Management & Real Estate Services, LLC.

Judge MICHELE M. CHRISTIANSEN authored this Memorandum Decision, in which Judge JAMES Z. DAVIS and Senior Judge PAMELA T. GREENWOOD concurred.[1]

Memorandum Decision

CHRISTIANSEN, Judge:

¶ 1 The Townhomes at Pointe Meadows Owners Association (the Association) challenges the district court's denial of the Association's motion to extend discovery deadlines, exclusion of the Association's untimely disclosed experts, and ultimate grant of summary judgment against the Association on all of its claims. We affirm.

¶ 2 This case arises from alleged defects in the construction of the Townhomes at Pointe Meadows, a multi-unit townhome development in Lehi, Utah (the Development). The Association was established to provide for maintenance and repair of the common areas of the Development. In July 2008, the Association filed and served a complaint against Pointe Meadows Townhomes, LLC; American Housing Partners, Inc.; AHP–Lehi, LLC; Armando J. Alvarez; Sergio S. Alvarez; and Paula B. Alvarez (collectively, the Developer) as the developer and general contractor of the Development and as the initial manager of the Association. The complaint alleged the existence of various construction defects in the common areas of the Development, breaches of various warranties and covenants, and breach of the Developer's fiduciary duties in its capacity as manager of the Association by failing to adequately respond to reports of such defects.

¶ 3 In January 2009, the district court signed an initial case management order. That order established a November 30, 2009 deadline to complete fact discovery, amend pleadings, and add new parties. At that time, the Association provided the Developer with a preliminary report prepared by Western Architectural, a consultant the Association had hired to assess the condition of the Development's building exteriors and to identify construction defects. On September 14, 2009, the Developer filed a third-party complaint against approximately twenty subcontractors whose work was implicated by the Association's construction defect claims. In January 2010, the Association provided the third-party defendants with the preliminary report.

¶ 4 In July 2010, the Association, the Developer, and the third-party defendants met to discuss amending the initial case management order. All parties agreed to an amendment of the case management order, and the district court entered the stipulated amended order in October 2010. The amended case management order provided for amended pleadings to be filed by October 1, 2010, and for the Association's final expert disclosures to be completed by August 15, 2011. The amended case management order also contemplated that the parties would enter into mediation in early 2011. To facilitate mediation, the amended case management order provided that all preliminary reports exchanged for purposes of the contemplated mediation, including the preliminary report already provided by the Association, were protected as part of settlement discussions and would be inadmissible at trial under Utah Rule of Evidence 408. The Association ultimately filed its second amended complaint on January 12, 2011, alleging additional claims based on the Utah Supreme Court's 2009 decision in *Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC*, 2009 UT 65, 221 P.3d 234.

¶ 5 On July 27, 2011, the Association contacted the Developer in an attempt to extend the August 15 deadlines established in the amended case management order for disclosure of expert witnesses and production of final expert reports. While the Developer agreed to an extension of the deadlines, a proposed case management order reflecting the extension was not approved by the Developer until October 12, 2011. After the Developer had signed the proposed case management order, the proposal was forwarded to the third-party defendants, none of whom agreed to the proposed extension. On October 25, two of the third-party defen-

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

dants moved for summary judgment, arguing that neither the Association nor the Developer had produced evidence of defects in their work as subcontractors.

¶ 6 In response to the third-party defendants' motions for summary judgment, the Association filed on October 28 a motion to extend the discovery deadlines. On November 7, the Developer filed a motion opposing the third-party defendants' motion for summary judgment against the Developer and joining in the third-party defendants' motion for summary judgment against the Association. The Developer argued that because the Association had failed to formally disclose any expert witnesses by the August 15 deadline, the Association could not establish its claims at trial and summary judgment against the Association was appropriate.

¶ 7 The Association filed its opposition to the defendants' motions for summary judgment on December 6, 2011. The Association supported its memorandum with affidavits from its attorneys regarding its attempt to modify the amended case management order and an affidavit from one of Western Architectural's consultants giving his opinion as to the alleged construction defects. The consultant also filed with his affidavit an "amended preliminary report" of the alleged construction defects in the Development. The Developer moved to strike the report and the affidavit of the Association's consultant as untimely disclosed expert testimony.

¶ 8 The district court held a hearing on all pending motions on January 25, 2012. The court entered a ruling and order denying the Association's motion to extend discovery deadlines and striking the reports and affidavit of the Western Architectural consultant. The district court then granted summary judgment to the Developer, concluding that all of the Association's claims required expert testimony to prevail. The district court also granted summary judgment to the third-party defendants by stipulation of the Developer. The Association filed a motion to reconsider the district court's ruling, which the district court denied. The Association appeals.

¶ 9 The Association first challenges the district court's denial of its motion to extend the discovery deadlines established by the amended case management order. "Trial courts have broad discretion in managing the cases before them and we will not interfere with their decisions absent an abuse of discretion." *A.K. & R. Whipple Plumbing & Heating v. Aspen Constr.*, 1999 UT App 87, ¶ 11, 977 P.2d 518. When reviewing a district court's exercise of discretion, we will reverse only if there is no reasonable basis for the district court's decision. *Langeland v. Monarch Motors, Inc.*, 952 P.2d 1058, 1061 (Utah 1998).

¶ 10 The Association argues that the district court abused its discretion in denying the Association's motion to extend the discovery deadlines because the Association had a reasonable basis for failing to comply with the deadlines—that the Developer's counsel had agreed to an extension of the deadlines. However, the Association's argument ignores that the Developer is not the only other party to this litigation. As the district court observed in denying the Association's motion, each of the numerous third-party defendants in this case had also signed and agreed to be bound by the amended case management order that the Association sought to modify. Yet the Association did not receive or even seek a stipulation from any of these third-party defendants to modify the amended case management order until two months after the discovery deadlines had expired. We agree with the district court that it was not reasonable for the Association to rely on the stipulation of only some of the defendants in this complex, multi-party litigation in choosing to let its obligations under the amended case management order lapse.

¶ 11 Moreover, the district court found that the Association had exhibited "a pattern of delay and inaction" in prosecuting this litigation. In addition to the Association's failure to timely disclose its experts, the district court observed that the Association had failed to comply with the amended case management order's deadline for filing amended pleadings, having filed its amended complaint more than three months late. The district court also noted that the Association had failed to file timely and complete responses

to some of the defendants' discovery requests and had failed to timely file its opposition to the Developer's motion to strike. Our review of the record supports the district court's observations. And while the Association argues that such delays are commonplace in civil litigation, the district court's conclusion that, in this case, these delays amounted to a pattern of "procrastination and delay" that did not justify further extension of the discovery period is not unreasonable on the record before this court.

¶ 12 Ultimately, the district court concluded that the "discovery period in this case has afforded the parties a fair and reasonable opportunity to prepare for trial and should therefore have an end." Given the pattern of delay identified by the district court and the Association's failure to demonstrate a reasonable justification for its failure to comply with the amended case management order, we cannot say that it was an abuse of discretion for the district court to decline to extend the discovery deadlines and to deny the Association's motion to that effect.

■ ¶ 13 The Association next challenges the district court's exclusion of the Association's untimely disclosed expert witness. Disclosure of an expert witness requires the disclosing party to submit a written report that contains specific information, such as the expert's qualifications and the basis for and substance of the expert's opinion. Utah R. Civ. P. 26(a)(3)(B). "If a party fails to disclose a witness ... as required by Rule 26(a) ..., that party *shall not* be permitted to use the witness ... at any hearing unless the failure to disclose is harmless or the party shows good cause for the failure to disclose." Utah R. Civ. P. 37(f) (emphasis added).[2] Thus, "Utah law mandates that a trial court exclude an expert witness report disclosed after expiration of the established deadline" unless the district court, in its discretion, determines that "good cause excuses tardiness" or that the failure to disclose was harmless. *See Posner v. Equity Title Ins. Agency, Inc.*, 2009 UT App 347, ¶¶ 8, 23, 222

P.3d 775. We therefore review the district court's exclusion of the Association's expert for an abuse of discretion. *Id.* ¶ 8.

¶ 14 The Association argues that the district court abused its discretion because it failed to "sufficiently outline the bad faith, willfulness, or persistent dilatory conduct that is required to impose sanctions upon a party." However, the Association's argument confuses the requirements for an affirmative sanction by the district court under rule 37(b)(2) with the exclusion of untimely disclosed experts by operation of law, as mandated by rule 37(f). *See id.* The Association does not dispute that it failed to file an expert witness report that complied with the requirements of rule 26(a) by the deadline established in the amended case management order. Accordingly, the proper inquiry is whether the district court abused its discretion in determining that the Association's failure to disclose was not harmless and that good cause did not excuse its failure.

■ ¶ 15 The Association's argument that good cause existed for its failure to comply with the deadline is premised upon its agreement with the Developer to modify the amended case management order. However, as discussed above, *see supra* ¶ 10, the district court concluded that the Association's reliance on an agreement with only some of the many defendants was unreasonable and did not justify extension of the discovery deadlines. The district court further concluded that these circumstances did not provide good cause to excuse the Association's failure to disclose. The Association has not shown that the district court's determinations on this issue exceeded the court's discretion.

■ ¶ 16 With respect to whether the failure to disclose was harmless, the Association argues that any prejudice suffered by the many defendants was merely delay, which is "insufficient to constitute true prejudice" because the opinions expressed in the Association's final expert report would be "largely

**2.** Rules 26 and 37 of the Utah Rules of Civil Procedure were amended in 2011, subsequent to the filing of this case. However, these amendments are effective only as to cases filed on or after November 1, 2011, and are therefore not applicable to this case. *Hull v. Wilcock*, 2012 UT App 223, ¶ 36 n. 5, 285 P.3d 815; *Liston v. Liston*, 2011 UT App 433, ¶ 14 n. 3, 269 P.3d 169. Accordingly, we refer to the pre-amendment version of those rules throughout this decision.

identical" to those contained in its preliminary report and "all parties had notice of the major defects" in the Development. However, the preliminary report does not provide the information required by rule 26 and was designated as preliminary and inadmissible by the amended case management order. The report is also signed by two different individuals, neither of whom was formally designated as an expert. Moreover, the Association's amended report—submitted after the deadline had passed—more than doubled the length of the report from 193 to 533 pages. The substantial increase in the size of this amended, yet still preliminary, report contradicts the Association's claim that any final report would express opinions "largely identical" to those contained in the preliminary report.

¶ 17 "Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial . . . ." *Brussow v. Webster*, 2011 UT App 193, ¶ 8, 258 P.3d 615. The preliminary report failed to properly identify the Association's expert in such a way as to enable the defendants to depose the expert, attempt to disqualify the expert, or retain rebuttal experts to respond. *See id.* And the preliminary report does not appear to have addressed the scope of the Association's claimed damages but instead recommended that a "project repair manual" be prepared to solicit bids for remediation of the issues identified in the report. Such a report does not "serve the purpose of an expert disclosure." *See Spafford v. Granite Credit Union*, 2011 UT App 401, ¶ 19, 266 P.3d 866. The district court noted that at least two of the third-party defendants had retained and disclosed their own experts and would likely be compelled to revise their reports to respond to the Association's amended or final report. And a substantial amount of discovery would need to be revisited or performed in the first instance in response to the Association's disclosure, well after the deadline for completing these steps had passed. Under these circumstances, the district court could reasonably conclude that the Association's failure to timely disclose its expert was not harmless. The district court therefore did not abuse its discretion in declining to relieve the Association from the automatic exclusion of its expert under rule 37(f).

¶ 18 Finally, the Association contends that the district court erroneously concluded that all of the Association's causes of action "hinge upon" the alleged construction defects and therefore require expert testimony. The Association thus claims that the district court erred in granting summary judgment to the defendants on all of the Association's claims even if its expert was properly excluded. "Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Basic Research, LLC v. Admiral Ins. Co.*, 2013 UT 6, ¶ 5, 297 P.3d 578. "A plaintiff's failure to present evidence that, if believed by the trier of fact, would establish any one of the [elements] of the prima facie case justifies a grant of summary judgment to the defendant." *Niemela v. Imperial Mfg., Inc.*, 2011 UT App 333, ¶ 7, 263 P.3d 1191 (alteration in original) (citation and internal quotation marks omitted).

¶ 19 The Association argues that many of its claims do not require expert witness testimony to prevail, because the elements of their claim are not "beyond the common scope and experience of lay persons." *See Spafford*, 2011 UT App 401, ¶ 30, 266 P.3d 866. By way of example, the Association claims that its allegations of negligence against the Developer in its role as the initial manager of the owners association do not require expert testimony. The Association asserts that no technical knowledge is necessary to decide if the Developer failed to respond reasonably to reports of defective construction or failed to set aside sufficient reserve funds to provide for repair of the defects.[3] A homeowners association may

3. The Association states that the same reasoning applies to eight additional claims that it asserts are not directly related to construction defects. However, the Association does not provide any argument to support such an assertion and has thus failed to adequately brief its argument on these remaining claims. "It is well established that Utah appellate courts will not consider

bring a negligence action against a developer on the basis of, among other things, the developer's failure to use reasonable care in managing and maintaining the common property or its failure to establish a sound fiscal basis for the homeowners association by imposing and collecting assessments and establishing reserves for the maintenance of the common property. *See Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC*, 2009 UT 65, ¶ 39, 221 P.3d 234. The Association argues that because such duties require the developer to exercise only "basic financial planning" of the sort that is "delegated to every homeowner in America," no expert testimony is necessary to establish the standard of care a developer must observe in discharging these duties.

¶ 20 We are not convinced, however, that the Association's negligence claim does not "hinge upon" its construction defect claims such that expert testimony was not necessary. "Ordinarily, the standard of care in a trade or profession must be determined by testimony of witnesses in the same trade or profession." *Wessel v. Erickson Landscaping Co.*, 711 P.2d 250, 253 (Utah 1985). And expert testimony is generally necessary in cases that involve trades or professions that require specialized knowledge, "such as medicine, architecture, and engineering." *Ortiz v. Geneva Rock Prods., Inc.*, 939 P.2d 1213, 1217 n. 2 (Utah Ct.App.1997). The district court therefore concluded that the Association could not establish its construction defect claims without expert testimony. The Association has not demonstrated that this determination was erroneous.[4] Thus, to the extent that the Association's negligence

claim requires the Association to prove the existence or extent of construction defects, that claim must fail because the Association did not timely disclose an expert to prove its construction defect claims.

¶ 21 The Association's negligence claim relies, in part, on its allegation that the Developer failed to reasonably identify and repair the construction defects once they arose. This allegation would require the Association to prove the existence and nature of the alleged defects in order to establish that the Developer was negligent in its maintenance of the common areas in light of such defects. Without expert testimony on the nature and extent of the alleged construction defects, it is difficult to see how a jury could evaluate whether the Developer's response to such defects was reasonable or determine the proper measure of damages resulting from the Developer's alleged failure to properly respond to the defect—as distinct from those damages resulting from the initial defect.

¶ 22 The Association also asserts that the Developer was negligent in failing to set aside adequate reserve funds to address the alleged defects. Again, we do not see how a jury could assess the reasonableness of the Developer's financial planning in the face of any alleged construction defects, or the damages resulting from any negligence, without the Association first establishing the existence and nature of these defects. We therefore agree with the district court that the Association's negligence claim required proof of construction defects to survive summary judgment.

claims that are inadequately briefed." *State v. Garner*, 2002 UT App 234, ¶ 8, 52 P.3d 467. As a result, the Association has not met its burden of demonstrating error in the district court's determination that expert witness testimony was required to establish these claims against the Developer.

4. The Association briefly argues that no expert testimony was necessary to establish its construction defect claims because direct evidence of the defects would have been available through the testimony of homeowners or subcontractors if the case proceeded to trial. However, a party cannot oppose summary judgment on the basis of testimony that may be elicited at trial but must

put forward admissible evidence and "set forth specific facts showing that there is a genuine issue for trial." *See* Utah R. Civ. P. 56(e). The Association did not present the district court with any such testimony through affidavits or deposition testimony in support of its opposition to summary judgment, and that evidence is accordingly not in the record before this court. Absent a showing that the Association presented to the district court evidence sufficient to survive summary judgment without expert testimony, we are not convinced that the district court erred in concluding that expert testimony was necessary in this case.

¶ 23 Because the Association has failed to demonstrate that any of its claims could prevail absent admissible expert witness testimony, the Developer was entitled to judgment as a matter of law. *See Niemela v. Imperial Mfg., Inc.,* 2011 UT App 333, ¶ 7, 263 P.3d 1191. Accordingly, we affirm the district court's grant of summary judgment to the Developer.

¶ 24 The district court did not abuse its discretion in denying the Association's motion to extend the discovery deadlines or in declining to relieve the Association from the mandatory exclusion of its expert under rule 37(f). The Association has failed to demonstrate that the district court erred in concluding that expert testimony was required to establish its claims against the Developer and has therefore not shown that the district court's grant of summary judgment was erroneous.

¶ 25 Affirmed.