2014 UT App 124

**R.O.A. GENERAL, INC., Plaintiff,**

v.

**CHUNG JI DAI and Chung Chu Dai, Defendants, Third-party Plaintiffs, and Appellants,**

v.

**Stewart Title Guaranty Company, Third-party Defendant and Appellee.**

No. 20120896–CA.

Court of Appeals of Utah.

May 30, 2014.

Scott L. Wiggins, Attorney for Appellants.

Jeffrey J. Steele and Justin R. Baer, Attorneys for Appellee.

Senior Judge RUSSELL W. BENCH authored this Opinion, in which Judge JOHN A. PEARCE and Senior Judge PAMELA T. GREENWOOD concurred.[1]

Opinion

BENCH, Senior Judge:

¶ 1 Chung Ji Dai and Chung Chu Dai appeal the trial court's striking of their untimely expert witness report and its dismissal of their case for failure to prosecute. We affirm.

## BACKGROUND

¶ 2 In November 1999, the Dais purchased commercial property in Salt Lake City, Utah (the Property). The Dais obtained a title insurance policy from Stewart Title Guaranty Company (Stewart Title). At the time of the purchase, there was an outdoor advertising sign on the Property belonging to R.O.A. General, Inc. (ROA), which had been there since the mid–1970s and was erected pursuant to an earlier lease (the Sign Lease). The Dais filed a claim with Stewart Title "asserting that the [Sign Lease] was a defect or lien insured by [the] policy of title insurance underwritten by Stewart Title." Stewart Title denied the claim because it asserted that the Sign Lease was executed by an individual who had no interest in the Property and was therefore invalid.

¶ 3 In October 2000, ROA filed a complaint against Chung Ji Dai seeking to establish the validity of the Sign Lease. ROA moved for summary judgment, and the trial court granted the motion in August 2002 on the ground that the Sign Lease, though not properly executed, was ratified by the Dais' predecessor-in-interest and was therefore valid.

¶ 4 In light of the trial court's ruling that the Sign Lease was valid, the Dais filed a third-party complaint against Stewart Title in April 2005. After unsuccessfully moving for dismissal, Stewart Title answered the complaint on September 29, 2005. Thereafter, the Dais took no action in pursuit of their claim for over five years. In January 2011, Stewart Title filed a motion to dismiss for failure to prosecute. The Dais opposed the motion, and the trial court denied it but "strongly admonished [the Dais] to move this case [forward] diligently as failure to timely prosecute this matter in the future would likely result in dismissal with prejudice." The parties agreed to a scheduling order setting the discovery deadline as November 30, 2011, and later agreed to amend the scheduling order to set the deadline for fact discovery as February 29, 2012, and for expert disclosures as March 16, 2012.

¶ 5 In the meantime, the Dais filed for bankruptcy. On November 23, 2011, two days after the amended scheduling order was filed with the court, the bankruptcy trustee filed a motion to be substituted for the Dais as the third-party plaintiff in this case, which the trial court granted. On February 9, 2012, the bankruptcy trustee held an auction to sell the cause of action against Stewart Title. Stewart Title attended the auction and bid $30,000 for the cause of action, but it was ultimately sold to the Dais and their sister for $30,500. The sale was approved by the bankruptcy court on February 24, 2012.

¶ 6 After purchasing the cause of action, the Dais took no immediate steps to pursue it. They did not seek an extension of the

1. The Honorable Pamela T. Greenwood and Russell W. Bench, Senior Judges, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

March 16, 2012 expert disclosure deadline and did not provide expert disclosures by that date. On March 21, 2012, Stewart Title filed a notice to appear or appoint counsel, to which the Dais responded on April 6, 2012, with a pro se motion for an extension of time to retain counsel. The trial court granted the Dais' motion and gave them "until close of business April 20, 2012 to appoint new counsel" but warned, "The scheduling order in this case has not been modified as a result of the granting of this motion, nor will it be modified." When no counsel had appeared on the Dais' behalf by May 1, 2012, Stewart Title filed a motion to dismiss for failure to prosecute and a motion for summary judgment on grounds of inability to prove damages.

¶ 7 Counsel appeared on behalf of the Dais on May 7, 2012, and provided an expert report on May 16, 2012. Stewart Title moved to strike the expert report as untimely. Following a hearing, the trial court granted Stewart Title's motion to strike, motion to dismiss for failure to prosecute, and motion for summary judgment for inability to prove damages.[2] The Dais now appeal.

■ ¶ 8 The Dais first assert that the trial court abused its discretion by striking their expert report. "Trial courts have broad discretion in managing the cases before them and we will not interfere with their decisions absent an abuse of discretion." *A.K. & R. Whipple Plumbing & Heating v. Aspen Constr.*, 1999 UT App 87, ¶ 11, 977 P.2d 518.

■ ¶ 9 The Dais also argue that the trial court exceeded its discretion by dismissing their case for failure to prosecute. Like the trial court's decision to strike the expert report, its decision to dismiss for failure to prosecute is afforded broad discretion and will not be disturbed "absent an abuse of discretion and a likelihood that injustice oc-

curred." *Cheek v. Clay Bulloch Constr., Inc.*, 2011 UT App 418, ¶ 6, 269 P.3d 964 (citation and internal quotation marks omitted).

## ANALYSIS

■ ¶ 10 The Dais assert that "[b]efore a trial court can impose discovery sanctions under rule 37, the court must find on the part of the noncomplying party willfulness, bad faith, ... fault, or persistent dilatory tactics frustrating the judicial process." *Morton v. Continental Baking Co.*, 938 P.2d 271, 274 (Utah 1997) (citations and internal quotation marks omitted). However, their "argument confuses the requirements for an affirmative sanction by the district court under rule [37(e)(2) ] with the exclusion of untimely disclosed experts by operation of law, as mandated by rule [37(h) ]."[3] *See Townhomes at Pointe Meadows Owners Ass'n v. Pointe Meadows Townhomes, LLC*, 2014 UT App 52, ¶ 14, 329 P.3d 815; *see also Moa v. Edwards*, 2011 UT App 140, ¶ 4 n. 2, 256 P.3d 242 (explaining that the willfulness requirement has historically been applied where the trial court dismissed claims or entered default judgment against a party as a sanction for a party's disregard of a court order compelling discovery, and suggesting that the exclusion of witness testimony based on untimeliness does not necessarily require a finding of willfulness). Rule 37(h) provides,

If a party fails to disclose a witness, document or other material ... as required by Rule 26(d), that party *shall not* be permitted to use the witness, document or other material at any hearing unless the failure to disclose is harmless or the party shows good cause for the failure to disclose.

Utah R. Civ. P. 37(h) (emphasis added).

¶ 11 We have held that "the sanction of exclusion is automatic and mandatory unless

---

**2.** The Dais implicitly assert that the trial court's summary judgment ruling should be reversed if we reverse the trial court's ruling on the motion to strike, but the Dais have not otherwise challenged the trial court's summary judgment ruling on appeal.

**3.** Effective November 1, 2011, rule 37 of the Utah Rules of Civil Procedure was amended primarily to incorporate aspects of rule 26 into rule 37. Utah R. Civ. P. 37 advisory committee notes

(2013). These amendments resulted in the renumbering of several subsections so that former subsections (b)(2) and (f) have now become subsections (e)(2) and (h), respectively. These subsections are nearly identical to their counterparts in the previous version of the rule, and any variations from the previous version do not affect our analysis. *Compare id.* R. 37(e)(2), (h), *with id.* R. 37(b)(2), (f) (2011).

the sanctioned party can show that the violation of rule 26[4 governing disclosure of witnesses] was either justified or harmless." *Dahl v. Harrison,* 2011 UT App 389, ¶ 22, 265 P.3d 139; *see also Posner v. Equity Title Ins. Agency, Inc.,* 2009 UT App 347, ¶ 8, 222 P.3d 775 ("Utah law mandates that a trial court exclude an expert witness report disclosed after expiration of the established deadline unless the trial court otherwise chooses to exercise its equitable discretion.").[5] Accordingly, a finding of willfulness is not necessary in order for the trial court to exclude untimely disclosed witnesses. *See Pointe Meadows,* 2014 UT App 52, ¶ 14, 329 P.3d 815; *see also Moa,* 2011 UT App 140, ¶ 4 & n. 2, 256 P.3d 242. Thus, where it is undisputed that an expert witness report has been untimely filed, "the proper inquiry is whether the district court abused its discretion in determining that the [party's] failure to disclose was not harmless and that good cause did not excuse its failure." *Pointe Meadows,* 2014 UT App 52, ¶ 14, 329 P.3d 815; *see also Welsh v. Hospital Corp. of Utah,* 2010 UT App 171, ¶ 10, 235 P.3d 791 (explaining that it may be an abuse of discretion for the trial court to exclude an expert report if, under the circumstances, " 'justice and fairness ... require that [the] court allow a party to designate witnesses ... after the court-imposed deadline for doing so has expired' " (quoting *Boice ex rel. Boice v. Marble,* 1999 UT 71, ¶ 10, 982 P.2d 565)).

¶ 12 In *Welsh v. Hospital Corp. of Utah,* 2010 UT App 171, 235 P.3d 791, we held that the late filing of expert reports would not prejudice the defendant, and after taking into account a number of factors, we also held that the trial court had abused its discretion by excluding the Welshes' expert witnesses. *Id.* ¶ 19. In particular, this court found it relevant that the Welshes had moved to extend the deadline for expert disclosures be-

fore the deadline had passed; that the defendant had contributed to previous delays by requesting at least one amendment to the scheduling order and stipulating to all other amended scheduling orders; that the extension did not further delay the trial; that the Welshes had been erroneously informed by the court clerk that the court had granted their motion for an enlargement of time and that they had incurred "considerable time and expense completing their expert reports" under the assumption that their motion to extend had been granted; that the Welshes' expert disclosures and report were submitted before the trial court denied the motion to extend; and that the defendant had made no claim that it would suffer prejudice if the motion were granted, whereas the effect on the Welshes' case if it were denied was "potentially devastating." *Id.* ¶¶ 8, 13–18; *see also Dahl,* 2011 UT App 389, ¶ 19, 265 P.3d 139 (observing that *Welsh* presented "an unusual fact situation").

¶ 13 None of the circumstances we found compelling in *Welsh* are present in this case. Unlike the Welshes, the Dais never moved the trial court to extend the deadline for expert disclosures. Not only did they not attempt to extend discovery, but after purchasing the cause of action from the bankruptcy trustee, they took *no* action to pursue their claim until after receiving Stewart Title's notice to appear or appoint counsel. Even then, the Dais displayed no sense of urgency; after the Dais obtained an extended deadline from the court to appoint counsel, no counsel appeared on their behalf until more than two weeks after the new deadline. In light of the trial court's warning to the Dais the previous year that their "failure to timely prosecute this matter in the future would likely result in dismissal with prejudice," the Dais' continued delays are simply unjustified.[6]

---

4. Like rule 37, rule 26 of the Utah Rules of Civil Procedure was amended and reorganized effective November 1, 2011, but the amendments do not affect our analysis in this case.

5. We acknowledge that our discussions in *Dahl v. Harrison,* 2011 UT App 389, 265 P.3d 139, and *Welsh v. Hospital Corp. of Utah,* 2010 UT App 171, 235 P.3d 791, may imply that the willfulness requirement applicable to rule 37(e) sanctions

also applies where a trial court strikes an untimely expert report. *See Dahl,* 2011 UT App 389, ¶¶ 15–16, 19, 265 P.3d 139; *Welsh,* 2010 UT App 171, ¶¶ 11–12, 235 P.3d 791. To the extent those cases can be read in that fashion, we now take the opportunity to disavow that implication.

6. Another aspect of *Welsh* that is not present in this case is the fact that, relying on the court clerk's representation that their motion for an

¶ 14 Furthermore, unlike the defendant in *Welsh* who "never claimed that granting the Welshes' motion [to extend] would result in prejudice" and who, "[n]otwithstanding the Welshes' delay in designating experts, ... had time to depose those experts, designate rebuttal experts, and otherwise prepare for trial," *see Welsh*, 2010 UT App 171, ¶ 16, 235 P.3d 791, Stewart Title has alleged both prejudice and delay if the Dais' expert is permitted. *See generally DeBry v. Cascade Enters.*, 879 P.2d 1353, 1361 (Utah 1994) ("A requirement that parties designate their expert witnesses by a certain date before trial allows the parties to prepare for trial by deposing witnesses, planning for effective cross-examination, and obtaining rebuttal testimony."). Stewart Title asserts that the Dais' expert report relied on sources Stewart Title has been unable to locate and raised factual issues that had either not previously been asserted by the Dais or varied from the Dais' previous assertions. Stewart Title asserts that the trial would have had to have been delayed further in order to give it sufficient time to respond to the expert report.

¶ 15 The Dais do not dispute Stewart Title's characterization of the time and effort it would have had to expend in order to respond to their expert's report. They maintain, however, that "Stewart Title had time to depose the expert and obtain a rebuttal report because the case was not ready for trial and a trial date had not been set," and that the Dais would suffer greater prejudice than Stewart Title if the expert were excluded. We are not persuaded that these factors required the trial court to allow the Dais' untimely expert report. *See Dahl*, 2011 UT App 389, ¶¶ 15, 19, 265 P.3d 139 (upholding the trial court's striking of the plaintiff's expert report, despite her arguments that a trial date had not yet been set and that exclusion of the expert and his report was fatal to her case). Although a trial date had not been set, the parties' scheduling order anticipated a June 2012 trial date, which

would not have given Stewart Title sufficient time to respond to the expert report. Thus, while an actual continuance of the trial would not have been necessary, the trial could not have been scheduled as soon as it would have been if the Dais had complied with the March 16, 2012 deadline. *See Townhomes at Pointe Meadows Owners Ass'n v. Pointe Meadows Townhomes, LLC*, 2014 UT App 52, ¶ 17, 329 P.3d 815 (holding that where the plaintiff's untimely disclosures meant that "a substantial amount of discovery would need to be revisited or performed ... well after the deadline for completing these steps had passed," the plaintiff's "failure to timely disclose its expert was not harmless"). As Stewart Title observes, the Dais' assertion that they should have been permitted to disregard the deadline simply because trial had not yet been scheduled "undermine[s] the significance of scheduling orders and the authority of the trial court to establish deadlines." Likewise, the fact that the Dais cannot establish their claim without their expert, while certainly harmful to the Dais, does not require that the trial court excuse them from complying with discovery deadlines, particularly where a delay would be harmful to Stewart Title. *Cf. Welsh*, 2010 UT App 171, ¶ 17, 235 P.3d 791 (considering the likelihood of prejudice to the plaintiffs relevant where there was no prejudice to the defendant).

¶ 16 The one unique facet of this case is the bankruptcy trustee's brief substitution as the third-party plaintiff. However, we agree with Stewart Title that this circumstance does not justify the Dais' dilatory behavior. The case was not stayed when the bankruptcy trustee was substituted, and the trustee participated in discovery during the time he was a party. The Dais purchased the cause of action at auction several weeks before the deadline for expert disclosures expired, yet they made no attempt either to provide expert reports by the deadline or to seek an extension of the deadline. Even if the Dais were confused about their role in the case

extension had been granted, the Welshes incurred time and expense to obtain an expert report. Here, the Dais had no reasonable expectation that their untimely expert report would be permitted; they never moved the court to extend the deadline, and when the trial court granted

their motion for an extension of time to obtain counsel, it explicitly informed them, "The scheduling order in this case has not been modified as a result of the granting of this motion, nor will it be modified."

when the bankruptcy trustee was substituted, as they assert, any doubt regarding their authority and responsibility to pursue their claim should have been resolved after they bought back the cause of action at auction in February. Thus, their failure to take any steps in pursuit of the claim between the time the cause of action was returned to them and the expert disclosure deadline is simply unjustified. For these reasons, the trial court did not abuse its discretion by declining to relieve the Dais of the automatic exclusion of their expert pursuant to rule 37(h).

■ ¶ 17 The Dais also challenge the trial court's grant of Stewart Title's motion to dismiss for failure to prosecute. However, this challenge is moot because even if we were to reverse the trial court's grant of the motion to dismiss, the trial court's grant of summary judgment against the Dais would still preclude them from further litigating their claim. *See generally Ellis v. Swensen,* 2000 UT 101, ¶ 25, 16 P.3d 1233 ("A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." (citation and internal quotation marks omitted)). At the hearing on Stewart Title's motion to strike, motion to dismiss, and motion for summary judgment, the Dais stipulated that they could not prove damages without the expert report. Accordingly, upon determining that the motion to strike was warranted, the trial court also granted the motion for summary judgment on the basis that the Dais could not establish damages. The Dais have not challenged the summary judgment beyond the implicit assertion that a reversal of the motion to strike ruling would necessarily require reversal of the summary judgment ruling as well. Because we have determined that the trial court did not exceed its discretion in striking the Dais' expert report, we have no basis for reversing the trial court's summary judgment ruling. And because the trial court has granted summary judgment in favor of Stewart Title, a reversal of the trial court's dismissal for failure to prosecute would not permit the Dais to pursue their claim. Accordingly, the Dais' appeal of the dismissal is moot.

## CONCLUSION

¶ 18 Because the Dais failed to timely provide their expert report, it was properly excluded pursuant to rule 37(h) of the Utah Rules of Civil Procedure, and the trial court appropriately declined to exercise its discretion to permit the report because the Dais' failure was neither justified nor harmless. Furthermore, because the trial court granted Stewart Title's motion for summary judgment based on the Dais' inability to establish damages without the expert report, the Dais' challenge to the trial court's dismissal of their claim for failure to prosecute is moot. Accordingly, we affirm.