**2016 UT App 165**

## THE UTAH COURT OF APPEALS

KARI L. BAUMANN,
Appellant,
*v.*
THE KROGER COMPANY AND GREGORY P. TAYLER,
Appellees.

Opinion
No. 20150078-CA
Filed July 29, 2016

Fourth District Court, Heber Department
The Honorable Fred D. Howard
No. 130500017

Gregory W. Stevens, Attorney for Appellant

Todd C. Hilbig and Andrea M. Keysar, Attorneys for
Appellee The Kroger Company

Elliott J. Williams and John M. Zidow, Attorneys for
Appellee Gregory P. Tayler

SENIOR JUDGE PAMELA T. GREENWOOD authored this Opinion, in
which JUDGES MICHELE M. CHRISTIANSEN and KATE A. TOOMEY
concurred.[1]

GREENWOOD, Senior Judge:

¶1     Kari L. Baumann appeals the district court's grant of
summary judgment against her. Baumann failed to designate
any expert witnesses under rule 26 of the Utah Rules of Civil
Procedure, and the district court consequently precluded her

---

1. Senior Judge Pamela T. Greenwood sat by special assignment
as authorized by law. *See generally* Utah R. Jud. Admin. 11-
201(6).

from using undesignated experts to contest summary judgment under the same rule. We affirm.

BACKGROUND

¶2    Baumann first filed suit against The Kroger Company (Kroger) and Dr. Gregory P. Tayler (collectively, Defendants) in 2007 after she allegedly suffered "hypotension due to overmedication." That complaint was dismissed upon stipulation of the parties. In February 2013, Baumann filed the instant action pursuant to Utah's one-year savings statute.[2] In her new complaint, Baumann alleged that Dr. Tayler had breached the applicable standard of care in prescribing her medications. She also alleged that Kroger had breached its standard of care, violated Utah's Pharmacy Practice Act, and failed to comply with its assumed duties and written assurances to her. After her attorney withdrew as counsel, Baumann represented herself pro se.

¶3    A year later, in February 2014, as part of pretrial discovery, Baumann replied to Defendants' interrogatories requesting that she "[i]dentify each person [she] intend[ed] to call as a witness . . . including expert witnesses" and their anticipated testimonies. In reply, Baumann wrote that she would identify such "witnesses and their anticipated testimony . . . when scheduled to do so by case management order." Two weeks later, Baumann and Defendants stipulated to a new schedule for additional time to conduct standard discovery.

---

2. Utah's savings statute provides that if "any action is timely filed and . . . the plaintiff fails . . . upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the action has expired, the plaintiff . . . may commence a new action within one year after the . . . failure." Utah Code Ann. § 78B-2-111 (LexisNexis 2012).

Baumann was to provide Defendants with expert disclosures by June 6, 2014, and expert discovery was to be completed by September 5, 2014.

¶4      Both June 6 and September 5 passed, and Baumann failed to disclose expert witnesses and their corresponding reports. Then, on September 11, 2014, Defendants jointly moved for summary judgment, arguing that without designated expert witnesses Baumann could not establish the applicable standards of care, breach of those standards, or that the breach was the proximate cause of Baumann's injuries. Baumann filed an opposition to the motion for summary judgment. Defendants responded on October 8, requesting that their motion be submitted for decision. Two days later, on October 10, Baumann filed approximately 150 pages of various documents with the court. The court scheduled a hearing on Defendants' motion for summary judgment on November 17, 2014. The day of the hearing, Baumann submitted an expert report applicable only to Kroger. No expert report applicable to Dr. Tayler was filed.

¶5      At the November 17, 2014 hearing on Defendants' joint motion for summary judgment, Baumann's husband sought permission to speak for her in court. The district court denied his request and granted a continuance for Baumann to find counsel—pro bono or otherwise.[3] The court also told the parties that it would not consider any materials filed after October 8, 2014, the date Defendants had filed their motion to submit for decision; that "the pleadings have closed on the motion"; and

_____

3. Baumann's husband asked to speak for Baumann "if there is no objection." Defendants objected to "a nonlawyer representing a pro se plaintiff." The court sustained the objection, explaining that while it was true that Baumann was "entitled to [speak for herself] under constitutional protection[,] if you have the assistance of an individual, [it] ought to be somebody that's licensed in the law."

that any new counsel would not "be at liberty to supplement this record" but would be there only "to speak on the question [that] has been filed." The court also permitted Baumann to file a written statement detailing her arguments before the court if she had not found counsel to speak for her.

¶6    At the rescheduled hearing on January 5, 2015, Baumann—still unrepresented by counsel—read a written statement to the court. She contended that summary judgment was not proper because she had provided documents reflecting a Social Security Administration decision granting her disability benefits. She also told the court that she did not designate expert witnesses or their reports timely because she "was just [trying] to save quite a few thousand dollars," "the facts would speak for themselves," and she thought "the Defense would want to move forward with also a less expensive and more timely speedier way of getting resolution to this case that's been personally hard on [her] also for eight years." Baumann asserted that in any event "[p]rocedural formalities are not the law." "In conclusion," she stated, "I believe that summary judgment is improper due to the fact that the defendants' basis is procedural not evidentiary."

¶7    The district court granted Defendants' motion for summary judgment, finding that Baumann had "failed to make expert disclosures" in accordance with the stipulation and rule 26 and that there was "no good cause for [Baumann's] failure to make expert disclosures." "Therefore," the court ruled, Baumann "was precluded by Rule 26(d)(4) from using any undisclosed witness, document, or material in opposition to the Motion for Summary Judgment filed by the Defendants." Because the "standards of care related to prescribing and dispensing blood pressure medication, and what neurological or other biological effects that blood pressure medications may have, are not within the common knowledge of laypersons," the district court found that "expert testimony is required in this case." Baumann, "having failed to make expert disclosures . . . [thus] cannot make

a *prima facie* case for her healthcare malpractice claims." Baumann appeals the district court's order.[4]

ISSUES AND STANDARDS OF REVIEW

¶8     Baumann—represented by counsel on appeal—contends that the district court abused its discretion when it "declined to permit" her to disclose and utilize an expert report applicable to Dr. Tayler and that it erred in its application of law when it refused to consider or admit her expert report applicable to Kroger. We review a district court's decision to impose sanctions under rule 26(d)(4) for abuse of discretion. *Townhomes at Pointe Meadows Owners Ass'n v. Pointe Meadows Townhomes, LLC*, 2014 UT App 52, ¶ 13, 329 P.3d 815.[5]

---

4. Baumann does not contest the district court's determination that expert witness testimony was necessary to prove her claims and, thus, that summary judgment was appropriate in the absence of such testimony, nor does Baumann contest the court's ruling that there was no good cause for her failure to disclose her expert witnesses. We, therefore, do not address those issues here.

5. *Townhomes at Pointe Meadows Owners Association v. Pointe Meadows Townhomes, LLC*, 2014 UT App 52, 329 P.3d 815, was decided under the pre-2011 versions of rules 26 and 37. *See id.* ¶ 13 n.2. Prior to 2011, rule 26 did not include a "failure to disclose" provision, as it does today. Thus, a party's failure to disclose an expert witness under rule 26(a) was then governed by rule 37(f):

> If a party fails to disclose a witness . . . as required by Rule 26(a) . . . that party shall not be permitted to use the witness . . . at any hearing unless the failure to disclose is harmless or the party shows good cause for the failure to disclose.

(continued…)

ANALYSIS

## I. Dr. Tayler Expert Report

¶9    Baumann argues that the district court abused its discretion by not allowing her to designate an additional expert

---

(…continued)
Utah R. Civ. P. 37(f) (2010). In 2011, however, amendments to the Utah Rules of Civil Procedure included a provision similar to rule 37(f) in rule 26(d)(4), which governs this case:

> If a party fails to disclose . . . a [witness], that party may not use the undisclosed witness . . . at any hearing or trial unless the failure is harmless or the party shows good cause for the failure.

*Id.* R. 26(d)(4) (2012). Furthermore, as part of the 2015 amendments, the former rule 37(f) was deleted, because "the effect of non-disclosure is adequately governed by Rule 26(d)." *Id.* R. 37 (2016) advisory committee's note to 2015 amendments. Utah appellate decisions have referred to both rules 26 and 37 when discussing the ramifications of a failure to disclose witnesses. The district court in this case referred to rule 26(d)(4), as do we. However, we also utilize rule 37(f) cases in our analysis because of their similar applicability. Because the substance of rule 26(d)(4) has remained unaltered since its inception, unless otherwise noted, we cite the 2016 version of the rule.

   Additionally, the accompanying note to the 2011 amendments explains that the "may not use" language of rule 26—like the "shall not be permitted to use" language of rule 37—provides for a mandatory preclusion of materials, not a permissive sanction. *See id.* R. 26 (2012) advisory committee's note to 2011 amendments (stating that the noncompliant "party *cannot* use the undisclosed witness . . . *absent proof that*" the failure was either harmless or for good cause (emphases added)).

report applicable to Dr. Tayler. This argument is unpreserved, however, as Baumann concedes in her reply brief.[6]

¶10 Generally, we will not consider an issue on appeal unless it has been preserved. *Patterson v. Patterson*, 2011 UT 68, ¶ 12, 266 P.3d 828. "Our preservation rule promotes both judicial economy and fairness. The rule furthers judicial economy by giv[ing] the [district] court an opportunity to address the claimed error, and if appropriate, correct it prior to an appeal." *Salt Lake City Corp. v. Jordan River Restoration Network*, 2012 UT 84, ¶ 28, 299 P.3d 990 (alterations in original) (citations and internal quotation marks omitted). "The only exceptions to this general rule are instances involving exceptional circumstances or plain error." *Id*. ¶ 27. The Utah Rules of Appellate Procedure provide that "[t]he brief of the appellant shall contain . . . a statement of grounds for seeking review of an issue not preserved in the trial court." Utah R. App. P. 24(a), (a)(5)(B). Baumann's opening brief provides us no such statement.[7]

---

6. Baumann did not file a motion or otherwise request permission to designate an expert as to Dr. Tayler during the proceedings before the district court.

7. In her reply brief, Baumann does argue that exceptional circumstances—her demonstrated "lack of understanding of the process and the significance of the schedule" and her ability as a disabled pro se plaintiff—justify departure from the preservation rule. "It is well settled that issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court." *Allen v. Friel*, 2008 UT 56, ¶ 8, 194 P.3d 903 (citation and internal quotation marks omitted).

Even so, while pro se appellants are entitled to "every consideration that may reasonably be indulged . . . , [a]s a general rule, a party who represents [herself] will be held to the same standard of knowledge and practice as any qualified

(continued…)

¶11 Furthermore, Baumann's specific argument—that the district court abused its discretion by refusing to allow her to submit an expert report applicable to Dr. Tayler—cannot prevail; the district court could not have abused its discretion in not making a ruling it was never asked to make. We thus decline to review Baumann's contentions as to an expert witness report applicable to Dr. Tayler.

## II. Kroger Expert Report

¶12 The district court found that Baumann "failed to make expert disclosures" in accordance with the stipulation and rule 26 and that there was "no good cause for [Baumann's] failure to make expert disclosures." Accordingly, it precluded Baumann

---

(…continued)
member of the bar." *Jacob v. Cross*, 2012 UT App 190, ¶ 4, 283 P.3d 539 (per curiam) (first alteration in original) (citations and internal quotation marks omitted). "Consequently, [r]easonable considerations do not include . . . attempt[ing] to redress the ongoing consequences of the party's decision to function in a capacity for which [she] is not trained." *Id.* (first and second alterations in original) (citation and internal quotation marks omitted). Our supreme court has explained that

> a lay[person] acting as [her] own attorney does not require the court to interrupt the course of proceedings to translate legal terms, explain legal rules, or otherwise attempt to redress the ongoing consequences of the party's decision to function in a capacity for which [she] is not trained. Judges cannot be expected to perform that function.

*Nelson v. Jacobsen*, 669 P.2d 1207, 1213–14 (Utah 1983). Thus, while a pro se plaintiff "has the right to appear pro se . . . when a person chooses to do so, [she] must be held to the same standard as if [she] were represented by counsel." *Johnson v. Aetna Cas. & Surety Co. of Hartford*, 630 P.2d 514, 517 (Wyo. 1981).

"from using any undisclosed witness, document, or material in opposition to the Motion for Summary Judgment filed by the Defendants" under rule 26(d)(4). Baumann argues that this was an abuse of discretion. She argues specifically that the district court should have applied rule 16(d) instead of rule 26(d) of the Utah Rules of Civil Procedure in accordance with the Utah Supreme Court's decision in *Coroles v. State*, 2015 UT 48, 349 P.3d 739. As the *Coroles* court stated, under rule 16(d), "a court 'may' impose a sanction described in rule 37(e) for a failure to abide by the scheduling order." *Id*. ¶ 22. Under rule 26(d), however, a party who has failed to disclose a witness "may not use the undisclosed witness . . . at any hearing or trial *unless* the failure is harmless or the party shows good cause for the failure." Utah R. Civ. P. 26(d)(4) (emphasis added). Baumann argues that applying rule 16's permissive standard rather than rule 26's mandatory standard would have led to a more favorable result for her.

¶13    Rule 26 of the Utah Rules of Civil Procedure requires a party disclosing an expert witness "to submit a written report that contains specific information, such as the expert's qualifications and the basis for and substance of the expert's opinion." *Townhomes at Pointe Meadows Owners Ass'n v. Pointe Meadows Townhomes, LLC*, 2014 UT App 52, ¶ 13, 329 P.3d 815 (citing Utah R. Civ. P. 26(a)(3)(B)). And importantly, as we stated above, "'Utah law mandates that a trial court exclude an expert witness report disclosed after expiration of the established deadline' unless the district court, in its discretion, determines that 'good cause excuses tardiness' or that the failure to disclose was harmless." *Id*. (quoting *Posner v. Equity Title Ins. Agency, Inc.*, 2009 UT App 347, ¶¶ 8, 23, 222 P.3d 775).

¶14    Critically, a district court has "broad discretion in selecting and imposing sanctions for discovery violations" under rule 26. *Tuck v. Godfrey*, 1999 UT App 127, ¶ 15, 981 P.2d 407 (citation and internal quotation marks omitted). "Appellate courts may not interfere with such discretion unless . . . there is

either an erroneous conclusion of law or no evidentiary basis for the trial court's ruling." *Id*. (internal quotation marks omitted).

¶15    Moreover, contrary to Baumann's argument to the district court that bypassing her obligation to disclose her expert witness would have led to a speedier resolution in this case, Utah's supreme court-appointed advisory committee on the Utah Rules of Civil Procedure has stated that

> [m]ore complete disclosures increase the likelihood that the case will be resolved justly, speedily, and inexpensively. Not being able to use evidence that a party fails properly to disclose provides a powerful incentive to make complete disclosures. This is true only if trial courts hold parties to this standard. Accordingly, although a trial court retains discretion to determine how properly to address this issue in a given case, the usual and expected result should be exclusion of the evidence.

Utah R. Civ. P. 26 (2012) advisory committee's notes to 2011 amendments. Thus, sound policy supports strict enforcement of this rule.

¶16    So, too, do the facts of this case. This is an old case. Baumann's original claim arose in 2007. She filed a second suit under Utah's savings statute. Baumann also stipulated to a discovery schedule requiring her to disclose expert witnesses to Defendants by June 6, 2014, and providing that expert discovery—including expert witness depositions—would close on September 5, 2014. Baumann then failed to provide an expert witness or report as to either Kroger or Dr. Tayler. Defendants thus filed for summary judgment on September 11. After Baumann opposed Defendants' motion for summary judgment, Defendants submitted the motion for decision on October 8, and the court scheduled a hearing on the motion for November 17.

The day of the hearing, Baumann filed an expert report as to Kroger without seeking leave of court to do so—and contrary to the district court's order that it would not consider filings submitted after October 8. At the rescheduled January 5, 2015 hearing, Baumann's arguments to the district court—that she was trying to dispose of the case economically and that "[p]rocedural formalities are not the law"—were unpersuasive and ultimately, the district court precluded Baumann "from using any undisclosed witness, document, or material in opposition to the Motion for Summary Judgment filed by the Defendants."

¶17    Nevertheless, Baumann argues that under *Coroles v. State*, 2015 UT 48, 349 P.3d 739, the district court should have applied rule 16(d), not rule 26(d)(4), of the Utah Rules of Civil Procedure and that it abused its discretion in failing to do so. Baumann specifically argues that, according to *Coroles*, the source of the district court's authority to sanction her "for producing untimely discovery under a scheduling order" is rule 16(d), not rule 26(d). Baumann's argument is similar to the appellant's argument in *Sleepy Holdings LLC v. Mountain West Title*, 2016 UT App 62, 370 P.3d 963. While *Sleepy Holdings* dealt with initial disclosures and not an expert witness report, its analysis is apt and informs our decision here.

¶18    In *Sleepy Holdings*, the appellant argued that the district court abused its discretion when it excluded evidence under rule 26 of the Utah Rules of Civil Procedure and that it "should instead have applied the discretionary sanctions found in rule 16(d)." *Id*. ¶ 19. This court explained that rule 16 "governs pretrial conferences, scheduling, and management conferences," *id*. ¶ 20, whereas rule 26 "governs initial disclosures and discovery," *id*. ¶ 21. We indicated that the "'sanction of exclusion is *automatic and mandatory* unless the sanctioned party can show that the violation . . . was either justified or harmless.'" *Id*.

(emphasis added) (quoting *Dahl v. Harrison*, 2011 UT App 389, ¶ 22, 265 P.3d 139).[8] We further noted that the district court sanctioned the appellant, Sleepy Holdings, for failure to disclose and stated that "[t]he district court's ruling repeatedly cites rule 26; it never mentions rule 16." *Id*. ¶ 22. Thus, this court declined to apply *Coroles*, as Sleepy Holdings urged, because "*Coroles* did not interpret—or even mention—rule 26" and because rule 26 appropriately authorized sanctions for failure to disclose. *Id*. ¶ 23.

¶19 So too here, where the district court refused to allow Baumann to disclose or utilize any expert witnesses. The court's order references only rule 26, not rule 16. Thus, rule 26 is controlling here because Baumann failed to disclose her expert witness until the day of the hearing on Defendants' joint motion for summary judgment on November 17, without seeking the court's permission to do so. Consequently, the district court did not err in applying rule 26 when it found that Baumann was "precluded by Rule 26(d)(4) from using any undisclosed witness, document, or material" to contest summary judgment at that hearing.

---

8. Baumann also argues that in addition to making a finding of no good cause, the district court was also required to make a finding of harmfulness. This, however, is not the case. *See Sleepy Holdings LLC v. Mountain West Title*, 2016 UT App 62, ¶ 21, 370 P.3d 963. It is well settled that a district court's exclusion of materials may be supported if the court makes a finding that there is *either* no good cause for the failure *or* that the failure is harmful. *See* Utah R. Civ. P. 26(d)(4) (explaining that a "party may not use the undisclosed witness, document or material at any hearing or trial unless the failure is harmless *or* the party shows good cause for the failure." (emphasis added)); *Bodell Constr. Co. v. Robbins*, 2009 UT 52, ¶ 35, 215 P.3d 933. Thus, it is unnecessary for us to examine whether there was harm. This is not to suggest that the failure was harmless.

¶20    Furthermore, *Bodell Construction Co. v. Robbins*, 2009 UT 52, 215 P.3d 933, supports the district court's characterization of Baumann's action as a "failure to make expert report" disclosures rather than a failure to produce discovery timely under a scheduling order. In *Bodell*, the court affirmed the district court's exclusion of plaintiff's expert report in accordance with rule 37(f)—now subsumed in rule 26(d)(4)[9]—characterizing an expert report submitted only three weeks after close of fact discovery as a "failure to disclose." *Id*. ¶¶ 13, 34–37, 40. Using the same metric, Baumann's report was filed twenty-five weeks after the close of fact discovery.

¶21    In this case, the district court's order did not address Baumann's violation of the scheduling order, but instead relied upon rule 26(d)(4), stating that Baumann could not now use "any undisclosed witness, document, or material" to contest summary judgment. Thus, we believe *Sleepy Holdings'* framework provides us with an alternate, more precise way to approach the question of which rule applied in this case, i.e., not whether the district court made its ruling because Baumann violated a scheduling order or because she violated the rules of discovery, but because she did not disclose expert witnesses within the time confines of both the stipulated discovery schedule and the district court's order cutting off filings after October 8. *See supra* ¶¶ 17–19.

¶22    Because the district court correctly precluded Baumann from using her undisclosed expert witness report to contest summary judgment under rule 26(d)(4) of the Utah Rules of Civil Procedure, we affirm.

---

9. See *supra* note 5 for our analysis of the applicability to this discussion of pre-2011 amendment cases affirming under rules 26 and 37.

CONCLUSION

¶23    Baumann's argument as to any expert report applicable to Dr. Tayler was not preserved in the district court, and we therefore do not consider it. As to the expert report applicable to Kroger, under the order of the district court, rule 26(d)(4)—not rule 16(d)—of the Utah Rules of Civil Procedure applied when Baumann failed to disclose the details of her proposed expert. The district court did not abuse its discretion in precluding her from using expert witness testimony to contest summary judgment under rule 26. For the foregoing reasons, we affirm.

—————