2011 UT App 193

Heather E. BRUSSOW, Plaintiff and Appellant,

v.

William T. WEBSTER, Defendant and Appellee.

No. 20100426–CA.

Court of Appeals of Utah.

June 16, 2011.

Franklin Richard Brussow, Salt Lake City, for Appellant.

Lynn S. Davies and Rafael A. Seminario, Salt Lake City, for Appellee.

Before Judges THORNE, VOROS, and ROTH.

## MEMORANDUM DECISION

VOROS, Judge:

¶1 On September 22, 2005, Plaintiff Heather E. Brussow filed suit against Defendant William T. Webster for injuries she allegedly sustained in an automobile accident on July 18, 2003. Brussow alleged that Webster negligently caused the accident. The trial court granted Webster's motion to strike Brussow's untimely designated fact and expert witnesses. It later granted Webster's motion for summary judgment based on Brussow's inability to prove a prima facie case without expert testimony. Brussow appeals those rulings. We affirm.

¶2 Brussow does not dispute that her witnesses were untimely designated, but contends that the trial court erred by excluding them. "[T]rial courts have broad discretion in matters of discovery." *Gardner v. Board of Cnty. Comm'rs*, 2008 UT 6, ¶51, 178 P.3d 893 (internal quotation marks omitted). We therefore review a trial court's decision to exclude witness testimony under an abuse of discretion standard. *See Posner v. Equity Title Ins. Agency*, 2009 UT App 347, ¶23, 222 P.3d 775.

¶3 A party must disclose to an opposing party the identity of any witness who may testify as an expert at trial. *See* Utah R. Civ. P. 26(a)(3)(A). In the case of a witness who is retained or specially employed to provide expert testimony, that disclosure must include a written report, prepared by the expert, containing specified information, such as the substance of the expected testimony and the expert's qualifications. *See id.* R. 26(a)(3)(B).[1] The disclosure must be made within thirty days after the conclusion

---

1. No expert report is required where the expert is the party's treating physician. *See Drew v. Lee,* 2011 UT 15, ¶27, 250 P.3d 48.

of fact discovery, *see id.* R. 26(a)(3)(C), but that deadline may be modified pursuant to rule 16 of the Utah Rules of Civil Procedure. *See id.* R. 16(b)(4). Rule 37(f) of the Utah Rules of Civil Procedure prohibits the use of an undisclosed witness, subject to two exceptions:

> If a party fails to disclose a witness ... as required by Rule 26(a) or Rule[ ] 26(e)(1), ... that party shall not be permitted to use the witness ... at any hearing unless the failure to disclose is harmless or the party shows good cause for the failure to disclose. In addition to or in lieu of this sanction, the court on motion may take any action authorized by [Rule 37](b)(2).

*Id.* R. 37(f). "This language mandates that a trial court exclude late-filed evidence, but also gives a trial court discretion to employ an alternative sanction 'in addition to or in lieu of' exclusion." *Posner,* 2009 UT App 347, ¶ 23, 222 P.3d 775 (quoting Utah R. Civ. P. 37(f)). The trial court also has discretion to determine "whether good cause excuses tardiness or whether prejudice ... result[s] from allowing the disputed evidence at trial." *Id.*

¶ 4 Here, the trial court determined that Brussow failed to show good cause for her untimely disclosure and that Webster suffered prejudice because of it. More specifically, the trial court found that Brussow's untimely disclosure impaired Webster's ability to defend against Brussow's claims because Webster did not have the opportunity to depose Brussow's untimely designated expert witnesses; also, fact witnesses' memories could have faded due to the protracted nature of the litigation. The court did not abuse its discretion in making these findings.

¶ 5 The first scheduling order set May 24, 2006, as the deadline for Brussow to designate expert witnesses and October 30, 2006, as the date the case would be ready for trial. All discovery deadlines were then amended. By March 2007, Webster had designated his fact and expert witnesses; Brussow had designated neither. Consequently, the trial court issued an order to show cause why the case should not be dismissed for failure to prosecute. Brussow's counsel did not appear at the order to show cause hearing, and the

case was dismissed. The trial court set aside the dismissal based on a finding that Brussow's counsel had suffered a life-threatening medical condition around the time of the hearing. However, the court noted that the decision to set aside the dismissal was "a very close call" due to its finding that Brussow's counsel had sufficient notice of the show cause hearing, and admonished the parties to "move this case forward expeditiously without delay." The third and final scheduling order set May 15, 2009, as the deadline for Brussow to designate expert witnesses; August 31, 2009, as the fact discovery deadline; and September 15, 2009, as the date by which all dispositive motions needed to be filed. By June 2009, Webster had designated his fact and expert witnesses; again, Brussow had designated neither.

¶ 6 On September 14, 2009, Webster filed his motion for summary judgment. One month later, on October 14, 2009, Brussow designated her witnesses. She did not do so until four years after the complaint was filed, one month after all discovery deadlines had passed under the third scheduling order, and one month after Webster had filed a motion for summary judgment based on her failure to designate witnesses. *Cf. Posner,* 2009 UT App 347, ¶ 25, 222 P.3d 775 (affirming a trial court's exclusion of an untimely designated expert witness, at least in part, due to the noncompliant party failing to designate the witness until after the moving party filed for summary judgment). In addition, Brussow was in possession of Webster's expert designations for over two years before she designated her own, despite the fact that she was supposed to have designated her witnesses first. Finally, Brussow provided the trial court with no clear justification for her untimely disclosure.

¶ 7 Brussow argues that her untimely witness designations were harmless because "any prejudice complained of by Webster was largely ameliorated" by the fact that Webster had received a list of her post-accident treating physicians and her medical records, including a thorough medical record provided by Brussow's treating physician. However, the trial court ruled that "even if [Webster] had knowledge of who [Brussow]'s

fact and expert witnesses might have been through [Brussow]'s responses to discovery, such responses did not provide the information required under Rule 26, nor did such responses [excuse Brussow] from complying with Rule 26."

¶ 8 " 'Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial,' " including " 'attempting to disqualify the expert testimony ..., retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report.' " *Pete v. Youngblood*, 2006 UT App 303, ¶ 17, 141 P.3d 629 (omission in original) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757–58 (7th Cir.2004)). Further, Brussow identified twelve treating physicians in the discovery document she now insists provided Webster sufficient notice under rule 26(a). We agree with the trial court that "without fact and expert designations, [Webster] was not required to depose all or even some of the individuals identified in [Brussow]'s discovery responses." On this record, the trial court did not abuse its discretion in finding that Webster was prejudiced by Brussow's untimely designation and that Brussow made no showing of good cause.[2]

¶ 9 Next, Brussow contends that the trial court erred by granting summary judgment in favor of Webster. She argues that she could establish a prima facie case of negligence even without expert testimony. Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). We "review[ ] a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness and view[ ] the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Bingham v. Roosevelt City Corp.*, 2010 UT 37, ¶ 10, 235 P.3d 730. Generally, "issues of fact which are outside the knowledge and experience of lay persons must be established by expert testimony." *Hoopiiaina v. Intermountain Health Care*, 740 P.2d 270, 271 (Utah Ct.App. 1987). "[W]here the injury involves obscure medical factors which are beyond an ordinary lay person's knowledge, necessitating speculation in making a finding, there must be expert testimony that the negligent act probably caused the injury." *Fox v. Brigham Young Univ.*, 2007 UT App 406, ¶ 22, 176 P.3d 446 (internal quotation marks omitted). However, "where the causal connection between the alleged negligence and injury is 'so common' or is non-medical in nature," *Bowman v. Kalm*, 2008 UT 9, ¶ 10, 179 P.3d 754 (citation omitted), expert testimony is not required. This exception applies in only "the most obvious cases." *Fox*, 2007 UT App 406, ¶ 22, 176 P.3d 446.

¶ 10 We may decline to reach the merits of issues that are inadequately briefed. *See* Utah R.App. P. 24 (setting forth briefing requirements). "Briefs must contain reasoned analysis based upon relevant legal authority. An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Sloan*, 2003 UT App 170, ¶ 13, 72 P.3d 138 (internal quotation marks

---

2. A significant portion of Brussow's brief on appeal is dedicated to the argument that the trial court erred by excluding her witnesses because Webster never made a good faith effort to confer with Brussow before filing the motion to strike. Brussow's argument is based on rule 37(a)(2)(A) of the Utah Rules of Civil Procedure:

    If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Utah R. Civ. P. 37(a)(2)(A). The requirement to confer in good faith with the opposing party is thus a predicate to filing a motion to compel. *See id.* Webster did not file a motion to compel under rule 37(a), but a motion to strike witnesses under rule 37(f). He was therefore not required to confer in good faith with Brussow. *See Rukavina v. Sprague*, 2007 UT App 331, ¶ 8, 170 P.3d 1138 (affirming the exclusion of untimely designated witnesses and noting that rule 37(f) does not require the procedures outlined in rule 37(a), including filing a motion to compel and conferring in good faith).

omitted). This is the case here. The authorities cited by Brussow address the standards and presumptions governing summary judgments generally. But the trial court's grant of summary judgment was based on its ruling that Brussow could not establish the elements of her case without expert medical testimony. On that issue, Brussow provides no meaningful legal analysis and cites no legal authority. *See id.* She instead supports her argument with factual generalizations supported by only a few references to the record. *See* Utah R.App. P. 24(a)(9) (requiring citations to the parts of the record relied on).

¶ 11 Brussow argues that even without an expert witness she could establish a prima facie case at trial through her own testimony and through the testimony of Webster's designated expert, Dr. Chung. Brussow argues that, as a licensed emergency medical technician, she could testify as to causation. She also argues that Dr. Chung's report established causation. Again, these arguments are inadequately briefed. They are not supported by citation to the relevant portions of the record. *See id.* Nor does Brussow's brief distinguish between facts to which she as a lay witness could testify and facts that would require "scientific, technical, or other specialized knowledge," *see* Utah R. Evid. 701 (barring lay persons from opining on issues that require "scientific, technical, or other specialized knowledge"). Furthermore, her argument assumes that she could subpoena and call Dr. Chung as an expert at trial although he was retained and designated by Webster. She cites no authority stating that a plaintiff may subpoena and call the defendant's expert in her case in chief, nor is the proposition obvious. *Compare Lane v. Stewart*, 46 Conn.App. 172, 698 A.2d 929, 932 (1997) (holding that either party may call an expert witness who has been disclosed and deposed prior to trial), *with Spino v. Tilley Ladder Co.*, 448 Pa.Super. 327, 671 A.2d 726, 739 (1996) (holding that a "plaintiff does not have the right to *compel* a defense expert to

give an expert opinion"). We therefore decline to reach the merits of this issue.[3]

¶ 12 Accordingly, we affirm.

¶ 13 WE CONCUR: WILLIAM A. THORNE, JR., and STEPHEN L. ROTH, Judges.

---

**3.** Moreover, even were we to reach the merits of Brussow's arguments on appeal, she has not convinced us that this is among the "obvious cases" that do not require expert testimony. *See* *generally Fox v. Brigham Young Univ.*, 2007 UT App 406, ¶ 22, 176 P.3d 446; *Beard v. K-Mart Corp.*, 2000 UT App 285, ¶ 20, 12 P.3d 1015.