**2015 UT App 11**

# THE UTAH COURT OF APPEALS

KRIS SOLIS,
Plaintiff and Appellant,

*v.*

BURNINGHAM ENTERPRISES INC. AND RAYMOND ALAN DAVIS,
Defendants and Appellees.

Opinion
No. 20130649-CA
Filed January 15, 2015

Fourth District Court, Provo Department
The Honorable David N. Mortensen
No. 110402754

Allen K. Young, Tyler S. Young, and Jonah Orlofsky,
Attorneys for Appellant

Nathan S. Morris and Zachary E. Peterson, Attorneys
for Appellees

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
JAMES Z. DAVIS and JOHN A. PEARCE concurred.

TOOMEY, Judge:

¶1 Kris Solis appeals from a jury verdict in favor of Burningham Enterprises Inc. and Raymond Alan Davis (collectively, Defendants). Solis argues the trial court exceeded its discretion in ruling that she failed to disclose an expert witness and, on this basis, excluded the expert's testimony. Additionally, Solis argues the trial court exceeded its discretion by refusing to extend the disclosure deadlines. We affirm.

BACKGROUND[1]

¶2      On August 31, 2010, Solis's husband, Daniel, was driving in the passing lane, lane one, on northbound I-15 through a construction zone. As another driver, Nancy Thacker, merged onto the interstate in lane four, Davis, an employee of Burningham Enterprises, was driving the company's semi-truck in lane three. When Thacker attempted to change lanes into lane three, her vehicle collided with the semi-truck and slid across the interstate into lane one, striking Daniel's vehicle. Daniel died as a result of the crash.

¶3      In September 2011, Solis sued Defendants for negligence, gross negligence, and reckless indifference.[2] In her initial disclosures, Solis listed as fact witnesses Officer James Wright and other Utah Highway Patrol (UHP) officers who responded to the scene of the accident. Solis later designated several expert witnesses, including an accident reconstructionist, but did not designate any UHP officers as potential expert witnesses.

¶4      During the deposition of UHP Officer Matthew Urban, Solis asked him to outline his expertise and experience in accident reconstruction. She also asked him to explain his work on a UHP accident reconstruction diagram of the accident. Urban indicated that based on his observations at the scene and his work on the diagram, he believed the Burningham truck left a 248-foot skid mark on the pavement of the interstate.

---

1. "On appeal, we recite the facts from the record in the light most favorable to the jury's verdict." *Smith v. Fairfax Realty, Inc.*, 2003 UT 41, ¶ 3, 82 P.3d 1064 (citation and internal quotation marks omitted).

2. Because Solis ultimately reached a settlement with Thacker, Thacker was not a party to this litigation.

¶5 Defendants filed a motion to exclude Urban's opinion that the Burningham truck left the skid mark; they urged the trial court to exclude the opinion because Solis failed to designate Urban as an expert witness. Defendants also filed a second motion to exclude the testimony of Solis's accident reconstructionist, Scott Anderson, arguing that Anderson's opinions relied exclusively on Urban's conclusions regarding the origin of the skid mark.

¶6 In opposing Defendants' motions, Solis claimed she did disclose that she would rely on Urban as an expert witness. As evidence of this, Solis pointed to her initial disclosures indicating that Wright and other UHP officers involved in reconstructing the accident were likely to have discoverable information supporting her claims:

> Officers/staff and/or agents of the Utah Highway Patrol. Any and all officers/staff or agents at the scene of the incident and/or involved with the investigation of the incident, reconstruction of the incident, photos of the incident, written reports and/or witness statements taken. Testimony is anticipated to be facts and information about the incident.

In addition, Solis pointed to her disclosure of the "Utah Highway Patrol Accident Reconstruction" as a document that would support her claims. But Solis also asserted that Urban would offer only his factual observations of his investigation and although Urban would testify that the skid mark came from the Burningham truck, he would not opine as to the speed of the truck.

¶7 After hearing arguments on the motions, the trial court granted Defendants' motion to exclude Urban's opinion testimony, reasoning that Utah law has "drawn a bright line that you have to designate witnesses to be expert witnesses." Because "there was not a designation," the trial court ruled Urban could

not testify as an expert witness. As to Defendants' second motion, the trial court determined that because Anderson's opinions were premised on an independent conclusion that the skid mark was attributable to the Burningham truck, Anderson was allowed to offer his opinions regarding the origin of the skid mark and the speeds of the vehicles at the time of the accident. But Anderson was not permitted to "disclose to the jury any opinions of Officer Urban or any other undisclosed expert at trial." Likewise, the trial court ruled that the UHP diagram could be offered as evidence but the court excluded references on the diagram to Urban's opinions. As a result, all information attributing the 248-foot skid mark to the Burningham truck was redacted from the diagram received at trial.

¶8　　A jury trial was held in May 2013. Solis argued to the jury that before the accident, Davis was driving the Burningham truck in excess of the fifty-five miles-per-hour speed limit. Solis theorized that when Thacker's vehicle pulled in front of the truck, Davis hit the brakes, leaving the 248-foot skid mark. Had Davis been driving the speed limit, Solis argued, the Burningham truck would have been able to slow down enough to avoid making contact with Thacker's vehicle. In support of this theory, Solis presented testimony from Davis, Wright, and other drivers who witnessed the accident. Solis also called Urban, who testified about his investigation and contributions to the diagram without referencing his opinion on the question of which vehicle made the 248-foot skid mark. Solis then elicited expert testimony from Anderson, who testified that the Burningham truck left the skid mark, which showed Davis was speeding before the truck struck Thacker's vehicle.

¶9　　In their defense, Defendants argued that Davis drove at a reasonable speed under the circumstances and that the accident would not have happened if Thacker had stayed in lane four. Defendants claimed the evidence did not support a finding that the 248-foot skid mark came from the Burningham truck or a conclusion that it was speeding at seventy miles per hour before the collision. Defendants also offered expert testimony from two

accident-reconstruction experts to support their interpretation of the evidence. Both defense experts testified that the Burningham truck did not leave the skid mark, but one also testified that Thacker caused the accident by making an improper lane change.

¶10    The jury found in favor of Defendants. The special verdict form asked the jury, "Were Defendants . . . at fault?" The jury answered, "No." The trial court therefore entered judgment against Solis. Solis appeals.

ISSUES AND STANDARDS OF REVIEW

¶11    Solis first argues the trial court exceeded its discretion in ruling that she failed to disclose Urban as an expert witness. Solis further contends that even if she should have designated Urban as an expert witness, the trial court should have admitted Urban's testimony and the unredacted diagram. We review the trial court's interpretation of a rule of civil procedure for correctness. *Pete v. Youngblood*, 2006 UT App 303, ¶ 7, 141 P.3d 629. "We review the trial court's . . . exclusion of testimony . . . for an abuse of discretion." *Id*.

¶12    Second, Solis argues the trial court exceeded its discretion in refusing to extend the discovery deadlines. "Trial courts have broad discretion in managing the cases before them and we will not interfere with their decisions absent an abuse of discretion." *Townhomes at Pointe Meadows Owners Ass'n v. Pointe Meadows Townhomes, LLC*, 2014 UT App 52, ¶ 9, 329 P.3d 815 (citation and internal quotation marks omitted). "When reviewing a district court's exercise of discretion, we will reverse only if there is no reasonable basis for the district court's decision." *Id*.

ANALYSIS

I. Expert Witness Disclosure

A.     Failure to Disclose Urban as an Expert Witness

¶13    Solis challenges the trial court's conclusion that she did not timely disclose her intent to rely on Urban as an expert witness. In doing so, Solis acknowledges "there was no specific expert disclosure" but contends she nevertheless complied with the disclosure requirements because "the substance of Officer Urban's opinion was fully disclosed."

¶14    The applicable version of rule 26 of the Utah Rules of Civil Procedure[3] sets forth requirements for the disclosures to be made during the course of discovery. Subsection (a)(1) requires disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information supporting [a party's] claims or defenses." Utah R. Civ. P. 26(a)(1) (2011). Subsection (a)(3) requires disclosure of expert testimony, and provides, "A party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Utah Rules

---

3. The Utah Rules of Civil Procedure were amended in 2011, but the amendments are applicable only to cases filed on or after November 1, 2011. *See* Utah R. Civ. P. 1 advisory committee note ("Due to the significant changes in the discovery rules, the Supreme Court order adopting the 2011 amendments makes them effective only as to cases filed on or after the effective date, November 1, 2011, unless otherwise agreed to by the parties or ordered by the court."). Because this action was filed on September 28, 2011, the amendments do not apply to this case. Accordingly, we refer to the pre-amendment version of the rules throughout this decision.

of Evidence." *Id.* R. 26(a)(3)(A).[4] Accordingly, "[a] party must disclose to an opposing party the identity of any witness who may testify as an expert at trial."[5] *Brussow v. Webster*, 2011 UT App 193, ¶ 3, 258 P.3d 615.

¶15 In *Pete v. Youngblood*, 2006 UT App 303, 141 P.3d 629, this court considered whether a party could rely on expert testimony from a witness who was disclosed only as a fact witness. *Id.* ¶¶ 11–18. A plaintiff in a medical malpractice action designated several treating physicians as fact witnesses but did not designate any expert witnesses before the discovery cut-off deadline. *Id.* ¶ 5. The defendant later moved for summary judgment based on the plaintiff's failure to establish a prima facie case because she had not designated an expert to opine on the relevant standard of care and breach of that standard. *Id.* ¶ 6. In response, the plaintiff offered an affidavit from one of her treating physicians addressing the standard of care and breach issues. *Id.* But because the plaintiff did not designate the treating physician as an expert, the trial court struck the affidavit and granted summary judgment. *Id.* On appeal, the plaintiff argued she had substantially complied with rule 26 by identifying the treating physician as a fact witness and by providing the defendant with copies of the medical records. *Id.* ¶ 10. This court rejected the plaintiff's argument and held that she "was required under rule 26(a)(3)(A) . . . to identify [the treating physician] as a person who may be used at trial to present expert testimony." *Id.*

---

4. Rules 702, 703, and 705 of the Utah Rules of Evidence govern the admission of expert witness testimony, that is, the testimony of witnesses who are qualified to offer opinions based on scientific, technical, or other specialized knowledge. Utah R. Evid. 702; *id.* R. 703; *id.* R. 705.

5. This court recently summarized these rules governing the disclosure of witnesses in *Hansen v. Harper Excavating, Inc.*, 2014 UT App 180, ¶ 16, 332 P.3d 969.

¶ 15. Furthermore, the *Pete* court concluded that the "trial court did not abuse its broad discretion by striking [the treating physician's] affidavit." *Id.* ¶ 18.

¶16    Since *Pete*, this court has consistently held that disclosing a treating physician as a fact witness does not satisfy the requirements of rule 26(a)(3)(A). *See, e.g.*, *Hansen v. Harper Excavating, Inc.*, 2014 UT App 180, ¶ 17, 332 P.3d 969 ("Hansen's disclosure of his intent to call treating physicians as fact witnesses is not sufficient to allow the admission of their expert opinions."); *Ladd v. Bowers Trucking, Inc.*, 2011 UT App 355, ¶ 13, 264 P.3d 752 ("[I]n order for any of Ladd's treating physicians to offer [expert] testimony as to causation, Ladd was required to designate them as expert witnesses."). This court reached the same conclusion in a different context in *Warenski v. Advanced RV Supply*, 2011 UT App 197, 257 P.3d 1096. The plaintiff in *Warenski* designated a fact witness and then sought to rely on that same witness's expert opinion regarding the installation of a part on an all-terrain vehicle. *Id*. ¶¶ 2, 8. In affirming summary judgment against the plaintiff, the *Warenski* court explained that if the plaintiff wished to rely on that witness's expert opinion, he was "required to take the necessary steps to properly designate [the witness] as an expert witness." *Id.* ¶ 9.

¶17    Here, Solis does not dispute that she failed to designate Urban as an expert witness. As a consequence of this failure, the trial court correctly determined that she did not comply with rule 26(a)(3)(A). Notwithstanding this, Solis asserts that her initial disclosures informed Defendants that she "intended to present at trial the facts concerning the Highway Patrol's accident reconstruction" and "[i]f that accident reconstruction contained any opinions, . . . that [Solis] intended to rely on those opinions." (Emphasis omitted.) But even if Urban was arguably disclosed as one of the officers or agents of UHP "involved with the investigation of the incident [and] reconstruction of the incident," those UHP officers were disclosed only as witnesses likely to provide "facts and information about the incident." Solis's initial disclosures did not describe these UHP officers as

witnesses who may be used at trial to present evidence involving scientific, technical, or other specialized knowledge. *See* Utah R. Civ. P. 26(a)(3)(A) (2011); *see also* Utah R. Evid. 702(a) (providing that qualified experts "may testify in the form of an opinion . . . if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue").

¶18    Solis also claims that because her initial disclosures included the UHP diagram, Defendants were notified of her intent to rely on Urban's opinions contained therein. Notations on the diagram indicate it was drawn by "M. Urban." But similar to *Pete,* where the plaintiff disclosed her treating physician as a fact witness and delivered the medical records from that treating physician to the defendant, 2006 UT App 303, ¶ 16, Solis's disclosure of the UHP diagram does not satisfy her obligation under rule 26(a)(3)(A) to "identi[fy] . . . any witness who may testify as an expert at trial," *Brussow*, 2011 UT App 193, ¶ 3.

¶19    Finally, Solis contends the advisory committee notes to the current version of rule 26 support her substance-over-form argument. Solis relies on the language stating that rule 26(a) is "not intended to elevate form over substance." *See* Utah R. Civ. P. 26 advisory committee notes (2014). Even if we were to consider these notes in applying the prior version of rule 26 to this case, *see supra* note 3, the advisory committee notes also state that "all that [the disclosure rules] require is that a party fairly inform its opponent that opinion testimony may be offered from a particular witness." Utah R. Civ. P. 26 advisory committee notes (2014). By disclosing UHP officers as fact witnesses and by omitting Urban from her expert witness list, the substance of Solis's disclosures did not "fairly inform [Defendants] that opinion testimony may be offered from [Urban]." *See id.* We therefore affirm the trial court's determination that Solis did not comply with rule 26(a)(3)(A) with respect to Urban when she failed to designate him as an expert witness.

B.      The Exclusion of Urban's Expert Testimony

¶20    Solis contends that despite her failure to designate Urban as an expert witness, the trial court exceeded its discretion in excluding his testimony[6] and the unredacted diagram.[7] Specifically, Solis argues that her failure to disclose was harmless and should be excused because Urban's opinion was explored during his deposition, where Defendants cross-examined him. Defendants counter that Solis's failure was harmful because had they known Solis would later rely on Urban's expert opinion, they would have asked Urban more questions about his qualifications and the basis of his opinion during the deposition.

¶21    Rule 37(f) instructs that "[i]f a party fails to disclose a witness, document or other material as required by Rule 26(a) or Rule 26(e)(1)," "that party *shall not* be permitted to use the witness, document or other material at any hearing unless the failure to disclose is harmless or the party shows good cause for the failure to disclose." Utah R. Civ. P. 37(f) (2011) (emphasis

---

6. Solis also argues she was prejudiced because the jury would have given Urban's testimony more weight as he was a "neutral," non-retained expert. Because we determine that the trial court did not err, we need not address this argument.

7. Defendants also raise a counter-argument on appeal that the entire diagram was inadmissible under Utah Code section 41-6a-404. *See* Utah Code Ann. § 41-6a-404(4)(a) (LexisNexis 2010) ("[A]ccident reports . . . may not be used as evidence in any civil or criminal trial arising out of an accident."). Because Defendants have not demonstrated they raised this argument before the trial court or filed a cross-appeal from the trial court's decision to admit the redacted diagram, we do not consider this argument. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801; *Smith v. Four Corners Mental Health Ctr., Inc.*, 2003 UT 23, ¶ 49, 70 P.3d 904.

added).[8] Additionally, "the court on motion may take any action authorized by Subdivision (b)(2)," including prohibiting a party from introducing designated matters into evidence. *Id.* R. 37(f), (b)(2). Thus, "Utah law mandates that a trial court exclude an expert witness . . . disclosed after expiration of the established deadline unless the district court, in its discretion, determines that good cause excuses tardiness or that the failure to disclose was harmless." *Townhomes at Pointe Meadows Owners Ass'n v. Pointe Meadows Townhomes, LLC*, 2014 UT App 52, ¶ 13, 329 P.3d 815 (citation and internal quotation marks omitted*); see also Dahl v. Harrison*, 2011 UT App 389, ¶ 22, 265 P.3d 139 ("[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that the violation of rule 26(a) was either justified or harmless.").[9]

¶22　The trial court in this case followed rule 37(f) in ruling that because she failed to disclose Urban as an expert, Solis would not be permitted at trial to introduce Urban's expert

---

8. Rule 26(e)(1) requires a party to supplement disclosures "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Utah R. Civ. P. 26(e)(1) (2011). Therefore, even if Solis did not know at the time of her expert witness disclosures that she wanted to rely on Urban's expert opinion, she had a duty to supplement once she realized she would seek to use Urban as an expert witness at trial.

9. This court has recently disavowed any implication from prior case law that the trial court must make a finding of willfulness before it strikes an untimely expert report. *See R.O.A. Gen., Inc. v. Dai*, 2014 UT App 124, ¶ 11 & n.5, 327 P.3d 1233; *see also Callister v. Snowbird Corp.*, 2014 UT App 243, ¶ 29 n.8, 337 P.3d 1044 (same).

opinion or any document disclosing his opinion. The trial court did not, however, analyze on the record whether Solis showed good cause for her failure to designate Urban as an expert witness or whether Solis's failure was harmless.

¶23   On appeal, Solis asserts the trial court should have deemed her failure harmless because Defendants effectively cross-examined Urban during his deposition and therefore had notice of his opinion and Solis's intent to rely on it. But this court has previously stated,

> "Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. . . . The failure to disclose experts prejudic[es] a defendant] because there are countermeasures that could . . . be[] taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony . . . , retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report."

*Pete v. Youngblood*, 2006 UT App 303, ¶ 17, 141 P.3d 629 (first and third omission in original) (emphasis omitted) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757–58 (7th Cir. 2004)).

¶24   Because rule 26(a)(3)(A) entitled Defendants to notice of Solis's intent to call Urban to offer an expert opinion regarding which vehicle left the skid mark on the interstate, we are not persuaded the trial court exceeded its discretion by declining to find Solis's failure harmless. In light of this court's recognition that the "manner in which discovery is conducted concerning a fact witness and an expert is quite different," *id.*, Defendants' cross-examination of Urban during his deposition does not necessarily render harmless Solis's failure to designate him as an expert. At oral argument, Defendants' counsel explained they would have explored Urban's credentials as an expert and the

foundation for his opinion. Additionally, Defendants would have taken the depositions of two other officers on whom Urban relied in forming his opinion. We therefore cannot say the trial court exceeded its authority in concluding that Solis's failure to designate was not harmless and in excluding all forms of Urban's expert opinion.[10]

## II. Request for Deadline Extension

¶25    Last, Solis argues the trial court should have granted her request to extend the discovery deadlines so she could amend her expert designation list to include Urban. In general, "[t]rial courts have broad discretion in managing the cases assigned to their courts*." Posner v. Equity Title Ins. Agency, Inc.*, 2009 UT App 347, ¶ 23, 222 P.3d 775 (alteration in original) (citation and internal quotation marks omitted). We therefore do not disturb their decisions absent an abuse of discretion. *Callister v. Snowbird Corp.*, 2014 UT App 243, ¶ 9, 337 P.3d 1044.

¶26    This court considered whether a trial court exceeded its discretion in denying a plaintiff's motion to extend the deadline for disclosing expert witnesses in *Townhomes at Pointe Meadows Owners Ass'n v. Pointe Meadows Townhomes, LLC*, 2014 UT App 52, 329 P.3d 815. In that case, the defendants filed a motion for

---

10. Solis also argues that the UHP diagram should have been admitted because it was admissible as a public record under rule 803(8) of the Utah Rules of Evidence. But Solis does not identify any authority for the proposition that admissible evidence under rule 803(8) is somehow exempt from the consequences of a failure to disclose. We therefore do not consider this argument further. *See* Utah R. App. P. 24(a)(9) (requiring briefs to contain reasoned analysis based on relevant legal authority); *see also Allen v. Friel*, 2008 UT 56, ¶ 9, 194 P.3d 903 (refusing to "assume an appellant's burden of argument and research" (citation and internal quotation marks omitted)).

summary judgment, arguing that expert testimony was required for the plaintiff to establish its claims. *Id.* ¶ 6. In response, the plaintiff moved to extend the discovery deadlines and provided an expert affidavit with a preliminary report. *Id.* ¶ 7. The trial court denied the plaintiff's motion, struck the affidavit and report, and granted summary judgment. *Id.* ¶ 8. In denying the motion to extend the expert disclosure deadline, the trial court rejected the plaintiff's claim that it had reasonably relied on a stipulation to extend the disclosure deadlines because the stipulation existed with some of the defendants while the plaintiff had no such agreement with other defendants. *Id.* ¶ 10. The trial court also found that the plaintiff had procrastinated. *Id.* ¶ 11. On appeal, this court ruled that the trial court did not abuse its discretion, based on the plaintiff's pattern of delay and its failure to demonstrate a reasonable justification for its noncompliance with the case management order. *Id.* ¶ 12.

¶27　Here, the trial court determined that Solis failed to designate Urban as an expert witness as required by rule 26(a)(3)(A) and did not extend the discovery deadlines for Solis to amend her rule 26 disclosures. In her opening brief, Solis asserts that despite the notation on the UHP diagram that Urban was the person who drew it, she did not learn until Wright's deposition that Urban was the person most knowledgeable about the diagram. Solis asserts that this revelation later led her to depose and "solicit[] from Officer Urban the exact testimony [she] sought to present at trial." The fact that Solis overlooks is that the depositions of both UHP officers took place *before* Solis's expert disclosures and reports were due.[11] Consequently, Solis was aware of Urban's expert opinion on the origin of the 248-

---

11. Wright was deposed in May 2012, and Urban's deposition took place on August 17, 2012. Solis's expert disclosures and reports were due more than a month later, on September 27, 2012.

foot skid mark before her deadline to disclose expert witnesses. In other words, Solis could have designated Urban as an expert witness in her disclosures before the deadline, and thereby complied with rule 26(a)(3)(A). Given these facts and Solis's inability to demonstrate a reasonable justification[12] for her failure to include Urban among her designated expert witnesses, we are not convinced the trial court exceeded its discretion in declining to extend the deadline for expert disclosure.

## CONCLUSION

¶28   In sum, the trial court did not err in concluding that Solis failed to timely designate Urban as an expert witness. The trial court properly exercised its discretion in excluding all references to Urban's opinions and in denying Solis's request to extend the disclosure deadlines. We therefore affirm.

––––––––––

12. Solis argues that her good cause for failing to include Urban in her expert designation is that she "in good faith considered Officer Urban a fact witness not an expert witness."