**2023 UT App 92**

## THE UTAH COURT OF APPEALS

KRISTA BRINKERHOFF,
Appellant,
*v.*
FLOYD EUGENE FLEMING,
Appellee.

Opinion
No. 20210894-CA
Filed August 24, 2023

Second District Court, Farmington Department
The Honorable David J. Williams
No. 180701260

L. Miles Lebaron and Dallin G. Johnson,
Attorneys for Appellant

Sadé A. Turner and S. Spencer Brown,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES JOHN D. LUTHY and AMY J. OLIVER concurred.

CHRISTIANSEN FORSTER, Judge:

¶1      In November 2016, Krista Brinkerhoff was injured as a passenger in a car accident. Brinkerhoff's father had pulled the car to a stop when Floyd Eugene Fleming rear-ended the Brinkerhoff vehicle. Brinkerhoff suffered serious injuries as a result of the accident and sued Fleming for negligently causing her injuries. The district court granted summary judgment in favor of Fleming, concluding that (1) Brinkerhoff violated rule 26 of the Utah Rules of Civil Procedure when she failed to disclose the medical articles and an intake sheet that her expert witness relied on to form his opinions; (2) Brinkerhoff's expert's opinions were equivocal and speculative and thus excludable under rule 702 of the Utah Rules

of Evidence; (3) once Brinkerhoff's expert witness was excluded, she no longer had an expert to opine on causation, an essential element of her claim; and (4) expert testimony was also necessary to reduce her future medical expenses to present value. Brinkerhoff appeals the court's summary judgment order. We affirm the district court's rule 26 and causation determinations and do not reach the remaining issues.

BACKGROUND

¶2      Brinkerhoff was involved in one car accident in 2014, another in the summer of 2016, and then another in November 2016. In the most recent November 2016 accident, when the car she was riding in was rear-ended, Brinkerhoff lurched forward and immediately felt dizzy. That night and the next day, Brinkerhoff's symptoms worsened. She began experiencing severe neck, back, and shoulder pain, as well as headaches.

¶3      Despite her symptoms, Brinkerhoff did not seek immediate treatment for her injuries. Four months later, Brinkerhoff sought treatment from Dr. Tyler Elmore, a chiropractor. After this first visit, Brinkerhoff returned an additional thirty times to receive treatment from Elmore between March 2017 and December 2018, averaging 1.5 chiropractic visits per month.

¶4      In May 2018, Brinkerhoff sought evaluation from a different chiropractor, Dr. Jeffrey Clayton. Based on the information that Brinkerhoff provided in her intake form (in which she omitted her prior symptoms and treatments she received following the two car accidents that predated the November 2016 accident) and the results of x-ray imaging and several range of motion tests, Clayton determined that Brinkerhoff's injuries were permanent and the direct result of the November 2016 accident with Fleming. Clayton recommended

that Brinkerhoff receive ongoing chiropractic treatment for her injuries for the remainder of her life.

¶5     Brinkerhoff sued Fleming for negligently causing injury to her. In addition to requesting compensation for past medical expenses, based on Clayton's medical opinion, Brinkerhoff claimed as damages the cost of future medical care as well as pain and suffering damages. The parties conducted discovery, and Clayton prepared an expert report outlining Brinkerhoff's injuries and opining that the November 2016 accident with Fleming caused these injuries, which would require lifelong chiropractic treatment. In November 2020, Fleming deposed Clayton. At the deposition, Clayton revealed that he had "looked at a lot of research" to reach his conclusions, specifically, a number of "Medical-Legal Flier Bi-Monthly" brochures that were not listed in Brinkerhoff's expert witness disclosures.[1] In addition to the research materials, Clayton relied on an undisclosed handwritten intake sheet from his initial consultation with Brinkerhoff. At the deposition, Fleming's attorney showed Clayton medical records detailing Brinkerhoff's chiropractic treatments that pre-dated the November 2016 car accident and Brinkerhoff's intake sheet from Elmore, wherein Brinkerhoff described ongoing chronic pain in her neck, back, hands, hips, and knees, as well as other symptoms that she had not disclosed to Clayton, such as tingling in the hands and feet. After Clayton reviewed the missing portions of Brinkerhoff's medical record, Fleming pressed Clayton to recant his conclusions regarding the causal relationship between Brinkerhoff's injuries and the November 2016 accident. Clayton revised his conclusions, determining that while Brinkerhoff's

---

1. Though these materials were marked as exhibits, the deposition was held over Zoom, and as such, Clayton claims he could not give the documents to Fleming's attorney during the deposition to review or ask questions about how they informed Clayton's expert opinion.

neck injuries were likely caused by the November 2016 accident, her back injury was no longer something he could attribute solely to the most recent car accident.

¶6 In August 2021, Fleming moved for summary judgment, arguing that the suit should be dismissed because (1) Brinkerhoff's expert did not properly disclose all the data and other information he relied on in forming his opinion, and thus his testimony should be excluded under rule 26(d)(4) of the Utah Rules of Civil Procedure; (2) Clayton's deposition testimony was equivocal and speculative and thus should be excluded under rule 702 of the Utah Rules of Evidence; (3) expert testimony was necessary in this case, and without Clayton's testimony, Brinkerhoff could not adequately prove causation; and (4) Brinkerhoff did not designate an expert to calculate future medical expenses and damages.

¶7 In its ruling on the motion, the district court found in favor of Fleming, striking Clayton as an expert witness on both rule 26 and rule 702 grounds. The court also determined that (1) without Brinkerhoff's expert witness, as a matter of law, Brinkerhoff could not prove causation and (2) Brinkerhoff could not meet her burden to prove medical damages as she had not designated an expert to reduce future expenses to present value.

ISSUES AND STANDARDS OF REVIEW

¶8 On appeal, Brinkerhoff contends that the district court erred in granting summary judgment and dismissing her suit. Specifically, she asserts the court erred by improperly weighing the evidence to grant summary judgment in Fleming's favor, in excluding Clayton as an expert witness, in finding that Brinkerhoff could not prove causation without expert testimony, and in requiring that Brinkerhoff present the testimony of an expert to reduce her future medical expenses to present value.

¶9    Because the district court has wide discretion in determining the admissibility of expert testimony, this court reviews a district court's exclusion of such evidence for an abuse of discretion. *See Solis v. Burningham Enters. Inc.*, 2015 UT App 11, ¶ 11, 342 P.3d 812. We review the district court's interpretation of the Utah Rules of Civil Procedure for correctness. *See id.* And we review the district court's sanction decision under rule 26 for abuse of discretion. *See Keystone Ins. Agency, LLC v. Inside Ins., LLC*, 2019 UT 20, ¶ 12, 445 P.3d 434.

¶10    Moreover, we review summary judgment decisions for correctness, "view[ing] the facts in a light most favorable to the losing party below and giv[ing] no deference to the [district] court's conclusions of law." *See Zilleruelo v. Commodity Transporters, Inc.*, 2022 UT 1, ¶ 13, 506 P.3d 509 (quotation simplified).

ANALYSIS

¶11    Brinkerhoff alleges that the district court erred in excluding her expert witness's report and testimony and in subsequently granting summary judgment in favor of Fleming on the ground that she could not prove causation without an expert witness. We examine these issues in turn.

I. Rule 26 Disclosure Requirements

¶12    The district court excluded Clayton's expert testimony under rule 26(d)(4) of the Utah Rules of Civil Procedure because, prior to his deposition, Brinkerhoff did not disclose the medical articles and intake sheet that Clayton relied on in forming his opinions on Brinkerhoff's injuries. The court determined that the failure to disclose these documents prejudiced Fleming's deposition strategy and that letting Fleming re-depose Clayton would harm Fleming. We agree.

¶13    Brinkerhoff was required to disclose "all data and other information that will be relied upon by the witness in forming those opinions." Utah R. Civ. P. 26(a)(4)(A)(iii) (2015).[2] Under rule 24(d)(4), "[i]f a party fails to disclose or to supplement timely a disclosure or response to discovery, that party may not use the undisclosed witness, document or material at any hearing or trial unless the failure is harmless or the party shows good cause for the failure." *Id.* The district court was well within its discretion to exclude Clayton's testimony because in forming his opinions, Clayton relied on materials that Brinkerhoff did not disclose in her expert designations and about which Fleming could not substantively question Clayton during his deposition. Several of the medical articles appear to support Clayton's opinion that the November 2016 accident caused Brinkerhoff's permanent neck injuries—which opinion Clayton intended to provide at trial. Thus, we see no abuse of discretion in the court's assessment that the "[u]ndisclosed materials were substantive in nature and impacted [Fleming]'s strategic approach and deposition preparation in prejudicial ways."

¶14    Moreover, we also agree that, as the medical articles informed Clayton's causation opinion, to exclude the documents but then allow Clayton to testify as an expert at trial when Fleming was unable to question him about those undisclosed documents would be harmful.

---

2. Brinkerhoff cites the 2022 version of this rule in her briefing on appeal, which requires disclosure of "the facts, data, and other information *specific to the case* that will be relied upon by the witness in forming those opinions." *See* Utah R. Civ. P. 26(a)(4)(A)(iii) (2022) (emphasis added). But Brinkerhoff made disclosures in 2020. At that time, the rule required her to provide "all data and other information that will be relied upon by the witness in forming those opinions." *Id.* R. 26(a)(4)(A)(iii) (2015).

¶15    Accordingly, we affirm the district court's decision to exclude Clayton's testimony under rule 26.[3]

## II. Causation

¶16    Once the district court excluded Clayton, Brinkerhoff had no other expert to testify about causation, an essential element of her claim. The court determined that Brinkerhoff needed an expert to testify about causation because her medical history included preexisting injuries, inconsistent medical reporting, and multiple accidents.

¶17    Brinkerhoff argues that the district court's determination was in error because she did not need an expert to prove causation based on our supreme court's recent decision in *Sheppard v. Geneva Rock*, 2021 UT 31, 493 P.3d 632. There, the court reaffirmed the standard it had set forth in *Bowman v. Kalm*, 2008 UT 9, 179 P.3d 754, namely that expert testimony is not necessarily required to prove that a particular injury caused certain damages when the link between injury and treatment "would be clear to a lay juror who has no medical training—i.e., when the causal connection is readily apparent using only common knowledge." *Sheppard*, 2021 UT 31, ¶ 31 (quotation simplified); *see Bowman*, 2008 UT 9, ¶ 9. Whether this "limited common knowledge exception . . . will excuse a lack of expert testimony in some circumstances" is a fact-based inquiry. *Sheppard*, 2021 UT 31, ¶ 41 (quotation simplified).

¶18    Given the factual circumstances here, Brinkerhoff was still required to present expert testimony to prove causation, as her injuries were not such that they would fall under that limited common knowledge exception. Unlike the plaintiff in *Sheppard*,

---

3. As we find the district court's rule 26 ruling determinative, it is unnecessary for us to analyze the court's decision to exclude Clayton's testimony on the cause and seriousness of Brinkerhoff's neck injuries under rule 702 of the Utah Rules of Evidence.

who had no pre-existing injuries, suffered injuries in a violent car accident, was transported by ambulance to a hospital for immediate treatment, and experienced back pain that lasted more than three years despite ongoing treatment, *see id.* ¶¶ 4–7, Brinkerhoff did not immediately seek medical treatment for her injuries and had a history of prior accidents and treatment relating to those injuries. Accordingly, Brinkerhoff is mistaken when she asserts that a jury could on its own, without the aid of expert testimony, determine that her persistent pain requiring future chiropractic treatment was due to the November 2016 accident. And, without expert testimony to support this theory of causation, the district court was correct to grant summary judgment in favor of Fleming. *See Zendler v. University of Utah Health Care*, 2020 UT App 143, ¶ 15, 476 P.3d 1009 (holding that when a party that does not carry the burden of proof at trial moves for summary judgment, that party "may carry its burden of persuasion without putting on any evidence of its own—by showing that the nonmoving party has no evidence to support an essential element of a claim" (quotation simplified)), *cert. denied*, 481 P.3d 1043 (Utah 2021).

¶19 Because Brinkerhoff could not prove causation without an expert, we affirm the district court's grant of summary judgment to Fleming.[4]

---

4. Brinkerhoff also challenges the district court's ruling that she needed to submit expert testimony to reduce her future medical expenses to present value. As we affirm on causation, we do not need to reach the medical expenses issue. But we do note our disagreement with the court's determination that Brinkerhoff needed an expert to reduce her future medical damages to present value. Model Utah Jury Instruction CV2021 provides direction on how to calculate future damages, and while having an expert testify about that calculation is usually preferred, such expert

(continued…)

CONCLUSION

¶20     The district court did not err in concluding that, under rule 26 of the Utah Rules of Civil Procedure, the report and testimony of Brinkerhoff's expert witness should be excluded. And given the factual circumstances here, the lack of expert medical testimony was fatal to Brinkerhoff's case. We therefore affirm the court's grant of summary judgment and dismissal of Brinkerhoff's claims.

––––––––––

testimony is not required when a party like Brinkerhoff claims future damages. *See* Model Utah Jury Instructions 2d CV2021 (2023), https://legacy.utcourts.gov/muji/inc_list.asp?action=show Rule&id=20#2021 [https://perma.cc/C2UA-63AZ].